A09A1758. GREAT WEST CASUALTY COMPANY et al.
v. BLOOMFIELD et al.

(693 SE2d 99)

PHIPPS, Judge.

On June 23, 2006, Nola Rowe Bloomfield was fatally injured in a vehicular accident. Her husband, Gerald Bloomfield, and her estate, through its administrator Roger Kirschenbaum (collectively, "Bloomfield"), brought an action alleging that the accident was caused by the actions of two separate truck drivers and naming as defendants the drivers, the companies that owned the drivers' trucks, and those companies' liability insurers. On June 12, 2007, one of the drivers, his trucking company, and that company's insurer, Great West Casualty Company (collectively, "Great West"), made an offer of settlement pursuant to OCGA § 9-11-68. Bloomfield rejected the offer in writing on July 16, 2007. A jury subsequently returned a verdict of no liability as to Great West, and the court entered a judgment on that verdict. Great West then requested attorney fees and expenses of litigation pursuant to OCGA § 9-11-68. The trial court denied the request without explanation, and Great West appeals. For reasons that follow, we find that the court was required by OCGA § 9-11-68 (d) (2) to set forth the basis for its determination, and because it failed to do so, we vacate its order and remand with direction.

Georgia's offer of settlement statute, OCGA § 9-11-68,[1] provides in pertinent part that if a defendant makes an offer of settlement pursuant to OCGA § 9-11-68 (a) and the plaintiff rejects

---

[14] See *Smith v. State*, 298 Ga. App. 458, 460 (680 SE2d 516) (2009).

[1] "OCGA § 9-11-68 was enacted as part of the Tort Reform Act of 2005, Ga. L. 2005; it became effective on February 16, 2005. . . . The Code section was amended by Ga. L. 2006, p. 589, § 1/HB 239, effective April 27, 2006." *Fowler Properties v. Dowland*, 282 Ga. 76, 77 (1) (646 SE2d 197) (2007).

the offer, then under OCGA § 9-11-68 (b) (1),

> the defendant shall be entitled to recover reasonable attor-
> ney[ ] fees and expenses of litigation incurred by the
> defendant or on the defendant's behalf from the date of the
> rejection of the offer of settlement through the entry of
> judgment if the final judgment is one of no liability or the
> final judgment obtained by the plaintiff is less than 75
> percent of such offer of settlement.[2]

Upon receipt of proof that the provisions of OCGA § 9-11-68 (b) (1) apply to a judgment, "[t]he court *shall* order the payment of attorney[ ] fees and expenses of litigation."[3] Nevertheless,

> [i]f a party is entitled to costs and fees pursuant to the
> provisions of this Code section, the court may determine
> that an offer was not made in good faith in an order setting
> forth the basis for such a determination. In such case, the
> court may disallow an award of attorney[ ] fees and costs.[4]

This appeal presents a question of law regarding whether the trial court correctly interpreted and applied the relevant statute, and we review this question de novo.[5]

1. Great West contends that its June 12 offer of settlement complied with the requirements of OCGA § 9-11-68 (a).[6] At issue in this appeal is whether Great West's offer of settlement complied with the requirement that it "[s]tate with particularity any relevant conditions."[7] There is no dispute that the offer complied with the other statutory requirements.

Great West's offer included the following conditions to the settlement:

> Prior to disbursement of any settlement funds from [Bloom-
> field's] counsel's trust account, [Bloomfield] must compro-
> mise and/or fully satisfy any and all claims for medical
> expenses, hospital liens and/or attorney[ ] liens, arising out

---

[2] OCGA § 9-11-68 (b) (1).

[3] OCGA § 9-11-68 (d) (1) (emphasis supplied).

[4] OCGA § 9-11-68 (d) (2).

[5] See *Expedia, Inc. v. City of Columbus*, 285 Ga. 684, 689 (4) (681 SE2d 122) (2009); *Aircraft Spruce &c. Co. v. Fayette County Bd. of Tax Assessors*, 294 Ga. App. 241 (669 SE2d 417) (2008).

[6] See OCGA § 9-11-68 (a) (1)-(8) (setting forth requirements with which an offer made under the Code section must comply).

[7] OCGA § 9-11-68 (a) (4).

of the accident and provide proof of same to [Great West]. [Bloomfield] must file a Dismissal With Prejudice and deliver to [Great West] a properly executed Release of All Claims and Indemnity Agreement.

Bloomfield argues that the offer failed to provide the statutorily-required particularity concerning these conditions because it

did not provide the specific terms of the release it required [Bloomfield] to deliver, did not attach a proposed release, did not identify any liens [Great West] wanted satisfied, did not recite the terms of indemnification, and did not attach a proposed indemnification agreement.

Neither the Supreme Court of Georgia nor this court has addressed the level of particularity needed for a condition in a settlement offer to satisfy OCGA § 9-11-68 (a) (4). Bloomfield asserts that we should follow the approach taken in Florida, which requires a party conditioning an offer upon the execution of a general release to attach a copy of the release to the offer or to either recite or summarize the specific terms of that release.[8] But Georgia enforces settlement agreements conditioned upon releases or other documentation even if the specific terms of those documents have not yet been established, so long as there is a meeting of the minds between the parties as to the essential terms of the settlement.[9] If the statement of a condition to a settlement agreement requiring the execution of a release is sufficiently specific to render the settlement agreement enforceable under Georgia law, we hold that the statement of that condition also complies with the "with particularity" requirement of OCGA § 9-11-68. Because the specifics concerning the settlement documents argued for by Bloomfield are not required by Georgia law to render a settlement agreement enforceable, such specifics also are not required by the offer of settlement statute. Accordingly, we find that Great West stated its conditions with sufficient particularity under OCGA § 9-11-68 (a) (4) when it indicated that, to effectuate the settlement, Bloomfield had to satisfy or compromise a certain category of claims or liens prior to settlement,

---

[8] See *State Farm &c. Ins. Co. v. Nichols*, 932 S2d 1067, 1078-1080 (III) (Fla. 2006) (construing Fla. Stat. § 768.79 and Fla. R. Civ. P. 1.442); *Swartsel v. Publix Super Markets*, 882 S2d 449, 452-453 (Fla. App. 2004).

[9] See, e.g., *Pourreza v. Teel Appraisals &c.*, 273 Ga. App. 880, 882-883 (616 SE2d 108) (2005); *Morrow v. Vineville United Methodist Church*, 227 Ga. App. 313, 319 (2) (489 SE2d 310) (1997); *Herring v. Dunning*, 213 Ga. App. 695, 697-698 (446 SE2d 199) (1994). See generally *Keefe v. Northside Hosp.*, 245 Ga. App. 420, 423, 427 (538 SE2d 61) (2000) (specific terms of a release may not be material to the agreement to settle).

dismiss the action with prejudice, and execute a release of all claims and an indemnification agreement.

2. Great West contends that it was entitled to recover its reasonable attorney fees and expenses of litigation under OCGA § 9-11-68 (b) (1). That Code provision states that a defendant shall be entitled to such fees and expenses where, as here, the plaintiff rejected the defendant's offer made under OCGA § 9-11-68 (a) and later obtained a final judgment of no liability against the defendant.[10] Bloomfield argues, however, that Great West cannot use its June 12 offer as the basis for recovery under OCGA § 9-11-68, because during trial Great West made another offer of settlement (also rejected by Bloomfield) that did not comply with the requirements of the statute[11] but that Bloomfield asserts nevertheless acted to supersede or withdraw Great West's first offer. We disagree.

Bloomfield rejected Great West's June 12 offer. Under Georgia contract law, an offer, once rejected, loses its legal force and cannot be accepted thereafter unless it is renewed by the offeror.[12] Because Great West's earlier offer was no longer in force and capable of being accepted, the later offer could not operate to supersede or withdraw the earlier offer. And the later offer did not change the fact that Bloomfield rejected the first offer. Thus, Bloomfield in essence asks us to construe OCGA § 9-11-68 to provide that a party, otherwise entitled to costs and fees under the statute because of the rejection of an offer of settlement, will not be so entitled if the party later made another offer of settlement.

"In construing a legislative act, a court must first look to the literal meaning of the act. If the language is plain and does not lead to any absurd or impractical consequences, the court simply construes it according to its terms and conducts no further inquiry."[13] "It is the General Assembly's right to pass all laws, and the courts' duty neither to add to nor to take away from the laws so passed, but to apply them as written."[14]

The plain language of OCGA § 9-11-68 does not support Bloomfield's construction. The Code section allows a party to make a subsequent offer if an initial offer is not accepted.[15] It does not, however, provide that a subsequent offer negates the effect of the

---

[10] OCGA § 9-11-68 (b) (1).

[11] Because this subsequent offer was oral, it did not satisfy the requirement that offers made pursuant to the offer of settlement statute be in writing. See OCGA § 9-11-68 (a) (1).

[12] *Lamb v. Decatur Fed. Sav. &c. Assn.*, 201 Ga. App. 583, 585 (1) (411 SE2d 527) (1991).

[13] *Diefenderfer v. Pierce*, 260 Ga. 426-427 (396 SE2d 227) (1990) (citations omitted).

[14] *Consolidated Pipe &c. Co. v. Genoa Constr. Svcs.*, 302 Ga. App. 255, 258 (690 SE2d 894) (2010) (footnote omitted).

[15] See OCGA § 9-11-68 (c).

rejection of an earlier offer. If the General Assembly had intended to so limit a party's entitlement to costs and fees under the statute, it could have explicitly stated that intent within the statutory framework.[16] Although Bloomfield argues the merits of decisions in other jurisdictions that have chosen to apply such a limitation to offers of settlement,[17] this approach has not been universally adopted[18] and we do not view the absence of such an express limitation in Georgia's offer of settlement statute to lead to absurd or impractical results.[19] Given the plain language of OCGA § 9-11-68 (b) (1), Great West was entitled to reasonable attorney fees and expenses of litigation, because Bloomfield rejected the offer made by Great West pursuant to OCGA § 9-11-68 (a) and Great West later obtained a final judgment of no liability.

3. Great West argues that, given its entitlement to fees and expenses, the trial court erred in failing to set forth the basis for denying its request for fees. We agree. Where a party is entitled to costs and fees under OCGA § 9-11-68 (b) (1), the court may deny its request only upon a finding that the party's offer of settlement under that Code section was not a good faith offer.[20] In such case, the court must set forth in its order the basis for finding that the offer was not a good faith offer.[21] Because the trial court instead simply denied Great West's request without explanation, we vacate the order denying Great West's request under OCGA § 9-11-68 and remand the case to the trial court.[22] Upon remand, the court shall enter a written order on Great West's request that complies with OCGA § 9-11-68 (d) (2) or take other action not inconsistent with this opinion.

4. In light of our determination that the case must be remanded

---

[16] See *McKesson Corp. v. Green*, 286 Ga. App. 110, 116 (3) (648 SE2d 457) (2007) (declining to engraft intention into OCGA § 9-11-68 not explicitly established in statutory language). Pertinently, an earlier version of OCGA § 9-11-68 (b) included limiting language, but the legislature amended the Code section to remove this language. See former OCGA § 9-11-68 (b) (providing that a party's entitlement to fees and expenses would be determined based upon the amount of the "last offer," and the amount of recoverable fees and expenses calculated based upon the date of rejection of the "last offer").

[17] See *Albios v. Horizon Communities*, 132 P3d 1022, 1031-1033 (Nev. 2006); *Wilson v. Wal-Mart Stores*, 72 Cal. App. 4th 382, 389-392 (Cal. App. 1999).

[18] See *Kaufman v. Smith*, 693 S2d 133, 134 (Fla. App. 1997) (declining to read into offer of judgment statute provision that subsequent offer made prior offer void, where legislature did not include such language in statute).

[19] See *Diefenderfer*, supra.

[20] OCGA § 9-11-68 (d) (1), (2).

[21] OCGA § 9-11-68 (d) (2).

[22] See generally *Pate v. State*, 292 Ga. App. 815-816 (665 SE2d 907) (2008) (vacating order and remanding case with direction where order did not set forth rationale for grant or denial of motion, as required by statute).

to the trial court,[23] we need not address Great West's assertion that its offer was made in good faith.

5. Bloomfield argues that we nevertheless should affirm the denial of Great West's request because OCGA § 9-11-68 is unconstitutional on various grounds. Had these constitutional challenges been ruled on by the trial court, and if they presented unresolved questions, jurisdiction of this case would be in our Supreme Court.[24] The trial court, however, did not rule on the Code section's constitutionality; thus, we will not consider the constitutional arguments on appeal.[25] Moreover, our Supreme Court has rejected two of the grounds on which Bloomfield challenges the statute's constitutionality.[26]

*Judgment vacated and case remanded with direction. Smith, P. J., and Bernes, J., concur.*

### DECIDED MARCH 23, 2010.

*Dennis, Corry, Porter & Smith, Stephanie C. Patel*, for appellants.

*Eastman, Mykkeltvedt & Loftin, Davis K. Loftin, Law & Moran, Peter A. Law*, for appellees.

---

[23] See Division 3, supra.

[24] See Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (cases questioning constitutionality of law are in exclusive jurisdiction of Supreme Court of Georgia).

[25] See *Haynes v. Wells*, 273 Ga. 106, 108 (3) (538 SE2d 430) (2000); *Buchan v. Hobby*, 288 Ga. App. 478, 479-480 (654 SE2d 444) (2007) (where trial court does not rule on whether OCGA § 9-11-68 was constitutional, and Supreme Court thus declines to exercise jurisdiction over appeal, we cannot consider arguments on statute's constitutionality).

[26] See *Smith v. Baptiste*, 287 Ga. 23 (1), 28 (2) (694 SE2d 83) (2010) (finding no merit in arguments that OCGA § 9-11-68 violated a purported constitutional "right of access" to the courts or violated the Georgia Constitution's uniformity clause).