**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**August 20, 2013**

# In the Court of Appeals of Georgia

A13A1723. HILL v. FIRST ATLANTIC BANK.

RAY, Judge.

This appeal arises out of the lower court's grant of First Atlantic Bank's ("First Atlantic") motion for summary judgment against defendant Cecily Hill. On appeal, Hill claims that the trial court violated a legislative stay under OCGA § 9-10-150 by allowing a summary judgment hearing to continue while Hill's attorney, Alex Atwood, who is a state representative from House District 179, was attending the 2012-2013 session of the General Assembly. Because we believe the trial court misconstrued OCGA § 9-10-150, we reverse the trial court's judgment and remand the case for further proceedings.

The record indicates that in February 2011, First Atlantic sued Hill and Lynn Knox for breach of a promissory note in Glynn County Superior Court. On April 14,

2011, Atwood requested and was issued an order granting a legislative stay under OCGA § 9-10-150. In November 2011, the trial court granted First Atlantic's motion for default judgment against Knox, and the case against Hill was transferred to the Superior Court of Camden County. The Camden County trial court entered an order continuing the legislative stay.

First Atlantic filed a motion for summary judgment on April 10, 2012, and Hill requested oral argument on the motion. The trial court issued a notice of hearing scheduling oral argument on the summary judgment motion for January 18, 2013. As January 18, 2013, fell within the regular session of the General Assembly, Atwood and his partner, Samuel Choate, sought and obtained a continuance due to Atwood's legislative service. First Atlantic objected to this continuance, claiming that because two other attorneys from Atwood's firm were "actively involved in this case, there is no reason to further delay" and requesting that the "court withdraw its order staying this matter and set this case for hearing instanter." Pursuant to First Atlantic's objection, the trial court re-scheduled the hearing for February 15, 2013, when the General Assembly was still in session.[1] Despite protests by the defense counsel, the

---

[1] The 2013 General Assembly convened on January 14, 2013, and adjourned on March 28, 2013.

2

trial court held the hearing on February 15, 2013, and ultimately granted First Atlantic's Motion for Summary Judgment.

Hill appeals the summary judgment ruling, claiming the trial court did not have discretion to deny Atwood's legislative stay while he represented his district in the regular session of the General Assembly. We agree.

On appeal, we review the lower court's interpretation of a statute de novo, as statutory interpretation is a question of law. *Brantley Land & Timber, LLC v. W & D Investments, Inc.*, 316 Ga. App. 277, 279 (729 SE2d 458) (2012). The statute at issue states, in relevant part, the following:

> A *member* of the General Assembly who is a party to or the attorney for a party to a case, *or any member of the staff* of the Lieutenant Governor, the Speaker of the House of Representatives, the President Pro Tempore of the Senate, the Speaker Pro Tempore of the House of Representatives, or the chairperson of the Judiciary Committee or Special Judiciary Committee of the Senate or of the Judiciary Committee or Judiciary, Non-civil Committee of the House of Representatives who is the lead counsel for a party to a case pending in any trial or appellate court or before any administrative agency of this state, *shall* be granted a continuance and stay of the case. The continuance and stay *shall apply* to all aspects of the case, including, but not limited to, . . . *appearance at any hearing, trial or argument*. Unless a shorter length of time is requested by the member, the continuance and stay *shall* last the length of any regular or extraordinary session of the General Assembly and during the first three weeks following any recess or adjournment.

(Emphasis supplied.) OCGA § 9-10-150. It is undisputed that Atwood was Hill's counsel in the case at bar, as his name appears on all relevant court documents.

First Atlantic argued and the trial court accepted the proposition that a presiding judge may override a legislative stay if other actively involved attorneys are available to appear on the behalf of the legislator/attorney. First Atlantic claims that the legislature's use of "*the*" when describing "attorney for a party to a case" in OCGA § 9-10-150 indicates that "the statute plainly and unequivocally provides for a legislative stay only when the attorney is a member of the General Assembly and is sole counsel for a party." We do not agree.

"Language in one part of the statute must be construed in light of the legislature's intent as found in the whole statute." (Footnote omitted.) *Echols v. A.G. Thomas*, 265 Ga. 474, 475 (458 SE2d 100) (1995). OCGA § 9-10-150 describes two sets of protections: those for members of the General Assembly and those for the staff of high-ranking officials in the Senate and House of Representatives. Both of these protections are mandatory, as indicated by the legislature's inclusion of the word "shall" throughout the statute. *Haugen v. Henry County*, 277 Ga. 743, 745 (2) (594 SE2d 324) (2004) (describing "shall" as a "clear and unambiguous term" that indicates a "mandatory requirement.") Under OCGA § 9-10-150, a staff member who

4

wishes to invoke a legislative stay must be the "*lead counsel* for a party to a case," while a member of the General Assembly is only required to be *"the attorney* for a party to a case." The legislature clearly intended to afford members of the General Assembly greater protections under OCGA § 9-10-150 than the staff of legislative officials by requiring the staff to act as "lead counsel" to invoke the stay and by including no such qualification for a member of the General Assembly.

Furthermore, First Atlantic's interpretation of the statute would lead to an untenable practical application. If the courts choose to deny a legislative stay every time other attorneys are "directly involved" in the case, only members of the General Assembly who operate a solo practice or sign the pleadings alone could invoke the statute's protections. We do not believe this to be the legislature's intent.

A review of the statute's legislative history supports our interpretation of OCGA § 9-10-150. While the concept of a legislative stay has existed in Georgia since 1905, a change significant to this case occurred in a 2002 amendment. See Ga. Laws 1905, p. 93, § 1. The 1991 version of the statute included a provision stating, "where there are several attorneys engaged by a party, a continuance shall be granted upon a showing by the party or his other counsel that the absent counsel is necessary or desirable for the proper handling of the case. Ga. Laws 1991, p. 376, §1. However,

this language was omitted by the legislature in a 2002 amendment to the statute. See Ga. Laws 2002, p. 403, §1. As the current form of OCGA § 9-10-150 is very similar to the 2002 version, this Court assumes the legislature purposefully omitted these additional qualifications.

Based upon the above, we find that the trial court erred in proceeding with the hearing in the absence of legislator/attorney Atwood due to his service in the General Assembly. Accordingly, we reverse the grant of First Atlantic's motion for summary judgment and remand this case to the trial court for further proceedings not inconsistent with this opinion.

*Judgment reversed and case remanded. Barnes, P. J., and Miller, J., concur.*