**SECOND DIVISION
ANDREWS, P. J.,
DOYLE, P. J., and RAY, J.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**March 27, 2015**

# In the Court of Appeals of Georgia

A14A1599. TILLER v. RJJB ASSOCIATES, LLP.

ANDREWS, Presiding Judge.

Appellees Argo-Memorial Drive Associates, LLC ("Argo") and J.C. Penney Corporation, Inc. filed a motion for attorney fees and litigation expenses pursuant to the "offer of settlement statute," OCGA § 9-11-68, after the trial court granted their second motion for summary judgment in Lisa Tiller's premises liability action against them.[1] The trial court granted Appellees' motion, and Tiller now appeals, arguing that Appellees' offer failed to comply with OCGA § 9-11-68 (a) and was not made in good faith and that Appellees failed to prove the reasonableness of the fees and

---

[1] Although Tiller named RJJB Associates, LLP d/b/a Argo Memorial Drive Associates, LLC as a defendant in her action, the record reflects that RJJB Associates, LLP ("RJJB") and Argo are distinct entities. RJJB is a member of Argo. As discussed below, the trial court granted summary judgment in RJJB's favor before Appellees made the settlement offer at issue in this case.

expenses they sought to recover. We conclude that the offer of settlement did not meet the requirements of OCGA § 9-11-68 (a), and we therefore reverse.

We apply a de novo standard of review when an appeal presents a question of law regarding whether the trial court correctly interpreted and applied OCGA § 9-11-68 (a). *Great West Cas. Co. v. Bloomfield*, 303 Ga. App. 26, 27 (693 SE2d 99) (2010).

The record reflects that Tiller filed a complaint against Appellees, RJJB, and a fictitious ABC Corporation and John Doe on July 15, 2011 to recover for injuries she suffered when she slipped on water on the tile floor outside of a restroom in the building in which she worked, located at 4380 Memorial Drive in Decatur. The complaint alleged that the defendants were negligent in failing to exercise ordinary care in keeping the premises and approaches safe; failing to provide a safe environment for lawful invitees; failing to maintain the property and allowing the property to become unsafe for lawful invitees; and failing to implement procedures that would provide for the safety of lawful invitees. Tiller thereafter filed and served an amended complaint naming Memorial Associates, LLC ("Memorial") in the place of ABC Corporation.

On June 11, 2012, Appellees and RJJB filed a motion for summary judgment. Shortly thereafter, Tiller filed a motion for entry of a default judgment against Memorial for failure to timely file an answer. On July 16, 2012, the trial court granted the motion for default judgment against Memorial as to liability, with the issue of damages to be heard at a later time. On August 24, 2012, the trial court entered an order granting the pending summary judgment motion as to Tiller's claims against RJJB but denying it as to her claims against Appellees, concluding that material issues of fact remained as to Appellees' liability "especially in light of the fact that discovery is still being conducted by the parties."

On September 12, 2012, Appellees served Tiller with an offer to settle pursuant to OCGA § 9-11-68 by certified mail. The offer to settle stated in pertinent part:

> 2. [Appellees] hereby offers Plaintiff Ms. Lisa Tiller one thousand dollars ($1,000) to settle any and all claims arising out of an incident occurring on or about July 30, 2009 at the building located at 4380 Memorial Drive, Decatur, DeKalb County, Georgia as alleged in Plaintiff's Complaint filed on July 15, 2011 in Fulton County Superior Court.

> 3. Plaintiff must agree to dismiss with prejudice her Complaint filed in Fulton County Superior Court as 2011CV203308, execute a full and complete release of any and all claims against Defendant, indemnify for

subrogation claims, rights of recovery, lien claims and any assignments, and execute an affidavit that there are no liens or that all liens will be paid from the proceeds of the settlement.

4. The total amount of this proposal is one thousand dollars ($1,000). This proposal is inclusive of all claims by Plaintiff Ms. Lisa Tiller.

Tiller did not respond to the offer within 30 days, and it was thereby deemed rejected. OCGA § 9-11-68 (c). Appellees filed their second motion for summary judgment on March 11, 2013. The trial court granted the motion in an order entered on June 3, 2013. Approximately one month later, Appellees filed their motion for attorney fees and litigation expenses pursuant to OCGA § 9-11-68. Following a hearing, the trial court entered an order granting the motion and concluding that Appellees were entitled to attorney fees and costs in the amount of $24,696.28. In addition, after a trial on the issue of damages, the trial court entered a final judgment in Tiller's favor against Memorial in the amount of $245,588.

1. Tiller argues that the offer of judgment failed to comply with the requirements of OCGA § 9-11-68 (a).

We first set forth the statutory framework. If a defendant makes a valid offer of settlement pursuant to OCGA § 9-11-68 (a) and the plaintiff rejects the offer, "the

4

defendant shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the defendant or on the defendant's behalf from the date of the rejection of the offer of settlement through the entry of judgment if the final judgment is one of no liability." OCGA § 9-11-68 (b) (1). Upon receipt of proof that the provisions of OCGA § 9-11-68 (b) (1) apply to a judgment, "[t]he court shall order the payment of attorney's fees and expenses of litigation." OCGA § 9-11-68 (d) (1). The trial court, however, may disallow an award of attorney fees and costs upon determining "that an offer was not made in good faith [and] setting forth the basis for such a determination" in a written order. OCGA § 9-11-68 (d) (2).

Of particular relevance here, OCGA § 9-11-68 (a), provides that the offer of settlement must "[i]dentify generally the claim or claims the proposal is attempting to resolve" and "[s]tate with particularity any relevant conditions." OCGA § 9-11-68 (a) (3) and (4). We agree with Tiller that Appellees' settlement offer did not comply with these requirements. As a consequence, the offer was unclear and ambiguous as to whether accepting Appellees' offer would require Tiller to relinquish her claims against co-defendant Memorial, against whom Tiller already held a default judgment as to liability.

5

(a) As to the claims the proposal was attempting to resolve, paragraph 2 of the offer stated that Appellees "hereby offer[] . . . Tiller one thousand dollars ($1,000) to settle any and all claims arising out of an incident occurring on or about July 30, 2009 at the building located at 4380 Memorial Drive . . . as alleged in Plaintiff's Complaint filed on July 15, 2011." Although Tiller had filed an amended complaint, this provision of the settlement proposal refers to Tiller's original complaint. Appellees assert on appeal that by referencing the initial complaint, paragraph 2 expressed a clear intent to settle only the claims Tiller asserted against them. Contrary to Appellees' argument, paragraph 2 is ambiguous in this regard. Paragraph 2 is not clearly worded, and a plausible reading of it is that the phrase "as alleged in Plaintiff's Complaint filed on July 15, 2011," refers to and modifies the phrase "an incident occurring on or about July 30, 2009." Under that reading, paragraph 2 would mean that the settlement proposal applies to any claim arising out of the incident described in the complaint, whether or not the claim is included in the complaint. In addition, uncertainty arises given that Tiller's initial complaint contemplated potential claims against other parties by naming a fictitious ABC Corporation and John Doe. The uncertainty in paragraph 2 is compounded by paragraph 4, which broadly states "[t]his proposal is inclusive of claims by . . . Tiller."

6

Although OCGA § 9-11-68 (a)(3) states that the settlement proposal must only "[i]dentify *generally* the claim or claims the proposal is attempting to resolve," (emphasis supplied), we cannot conclude that § 9-11-68 (a) (3) is satisfied here. Among the definitions of "general" is the following: "of, pertaining to, or affecting all persons or things belonging to a group, category, or system." See TheFreeDictionary.com, http://www.thefreedictionary.com/general (citing Random House Kernerman Webster's College Dictionary (2010)) (last visited March 20, 2015). While it was not incumbent upon Appellees to specify or enumerate each actual or potential claim that the settlement would cover, the offer here did not clearly identify the claim or group or category of claims that the proposal covered, leaving uncertainty about whether Appellees wished to resolve and terminate only the claims Tiller asserted against them or some broader category of claims.

(b) We also find that Appellees' offer did not "[s]tate with particularity [its] relevant conditions." OCGA § 9-11-68 (a) (4).

Paragraph 3, which sets forth the conditions of the settlement offer, states:

Plaintiff must agree to dismiss with prejudice her Complaint filed in Fulton County Superior Court as 2011CV203308 [and] execute a full and complete release of any and all claims against Defendant.

It is unclear if paragraph 3 (like paragraph 2) refers to the *initial* rather than amended complaint, thereby signaling an intent that Tiller would only be required to dismiss her claims against Appellees (and not Memorial). Such an intent would have been more clearly expressed, however, by a reference to the *claims* in the initial complaint rather than the complaint generally. Further, paragraph 3 goes on to mention the civil action number, which may indicate that Tiller would have to dismiss the entire case. Appellees' intent is further muddied by the request for a release of any and all claims against "Defendant," in the singular.

In *Great West Cas. Co. v. Bloomfield*, supra, we looked to precedents concerning the formation of binding settlement agreements in determining whether an insurer's offer of settlement satisfied the particularity requirement. 303 Ga. App. at 29 (2).[2] Under Georgia law, "[n]o contract exists until all essential terms have been

---

[2] The issue in *Bloomfield*, was whether an insurer's offer to settle the plaintiffs' tort claims satisfied the particularity requirement although it did not convey the precise terms of the documents the plaintiffs in a personal injury case would be required to execute or attach the proposed documentation. Id. at 27-29 (1). We held that the offer was sufficiently particular because, under Georgia law, "so long as there is a meeting of the minds between the parties as to the essential terms of the settlement," a binding agreement may be reached before the parties draft or establish the specific terms of the releases or other documents to be executed. Id. at 28 (1). We note that Tiller's argument in this case is that she could not ascertain the scope of the settlement in terms of the parties or claims affected, not that Appellees should have provided her with specific terms or drafts of certain documents.

agreed to, and the failure to agree to even one essential term means there is no agreement to be enforced." (Citation and punctuation omitted.) *Reichard v. Reichard*, 262 Ga. 561, 564 (2) (423 SE2d 241) (1992). Especially given that Tiller already had procured a default judgment as to liability against Memorial, the scope of the claims she would be required to relinquish was material. See *Moore v. Hecker*, 250 F.R.D. 682, 685 (S.D. Fla. 2008) (concluding that "[t]he scope of the settlement and released parties" was a material element of the defendant's offer of judgment under Fed. R. Civ. P. 68). Since the offer was ambiguous in this regard, a court would not be able to conclude that its acceptance would create a binding contract by virtue of mutual assent to all material terms. See *Graham v. HHC St. Simons*, 322 Ga. App. 693, 695 (2) (746 SE2d 157) (2013) ("'A contract is unenforceable where there is no meeting of the minds between the parties regarding a material element thereof.' And all essential elements, including the element of consideration, must be certain.") (citations omitted). Under the circumstances, we also conclude that the offer to settle did not meet the particularity requirement of OCGA § 9-11-68 (a) (4).

(c) "[T]he clear purpose of the [offer of settlement] statute is to encourage litigants in tort cases to make and accept good faith settlement proposals in order to avoid unnecessary litigation, thereby advancing this State's strong public policy of

9

encouraging negotiations and settlements." (Citations and punctuation omitted.) *Ga. Dept. of Corrections v. Couch*, 295 Ga. 469, 471 (759 SE2d 804) (2014). We do not believe that the statute effectively serves this goal if the recipient of a settlement offer must guess at the offer's meaning or scope in attempting to weigh the risks and advantages of accepting a proposal as opposed to continuing litigation. See *Basha v. Mitsubishi Motor Credit of America*, 336 F3d 451, 455 (5th Cir. 2003) (to serve Fed. R. Civ. P. 68's goal of encouraging settlement and avoiding litigation, offers of judgment "must provide a clear baseline from which plaintiffs may evaluate the merits of their case relative to the value of the offer.") (citation and punctuation omitted). Significantly, in this case, Tiller may have been legitimately confused about whether she was being asked to relinquish her right to recover damages against Memorial, against whom she held a default judgment as to liability. The requirements of OCGA § 9-11-68 (a) help to ensure that offerees will not have to labor under confusion in deciding whether to accept a settlement offer. Because the requirements of OCGA § 9-11-68 (a) were not satisfied here, the trial court erred in awarding attorney fees and litigation expenses to Appellees.

2. Given our disposition in Division 1, we need not address Tiller's remaining enumerations of error.

*Judgment reversed. Doyle, P. J., and Ray, J., concur.*