**THIRD DIVISION**
**DILLARD, P. J.,**
**GOBEIL and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 20, 2020**

# In the Court of Appeals of Georgia

A19A2072. CASEMETRIX LLC v. SHERPA WEB STUDIOS, INC.

HODGES, Judge.

This case concerns the validity of an offer made pursuant to Georgia's offer of settlement statute, OCGA § 9-11-68. CaseMetrix, LLC filed suit against its web host, Sherpa Web Studios, Inc., asserting both a negligence and a breach of contract claim. Sherpa made an offer to settle the lawsuit, which CaseMetrix rejected. When CaseMetrix obtained a verdict of less than 75 percent of the rejected offer, Sherpa sought and was awarded attorney fees against CaseMetrix pursuant to OCGA § 9-11-68.[1] CaseMetrix appeals, contending the trial court erred by (1) finding the offer was

---

[1] "If a defendant makes an offer of settlement which is rejected by the plaintiff, the defendant shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the defendant or on the defendant's behalf from the date of the rejection of the offer of settlement through the entry of judgment if the final judgment

properly limited to tort claims; (2) awarding Sherpa half of the fees it requested when there was no evidence to support such an allocation; and (3) finding that inclusion of a confidentiality provision in the settlement offer was relevant to the settlement and did not invalidate the offer. Because Sherpa's offer was internally inconsistent, and therefore ambiguous, about the claims to which it applied, we find that the offer was invalid and reverse the award of attorney fees to Sherpa.

"At the outset, we note that the interpretation of a statute is a question of law, which is reviewed de novo on appeal. Indeed, when only a question of law is at issue, as here, we owe no deference to the trial court's ruling and apply the plain legal error standard of review." (Citations and punctuation omitted.) *Harris v. Mahone*, 340 Ga. App. 415, 417 (1) (797 SE2d 688) (2017).[2]

---

is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement." OCGA § 9-11-68 (b) (1).

[2] Sherpa contends that we review the trial court's order for an abuse of discretion, relying on *Hillman v. Bord*, 347 Ga. App. 651, 655 (2) (820 SE2d 482) (2018) (physical precedent only). This argument is flawed for two reasons. First, because the panel decision received a dissent, it is not precedential pursuant to this Court's rules. Court of Appeals Rule 33.2 (a) (1). Second, *Hillman*, and the authority on which it relies, hold that we review for an abuse of discretion a decision as to whether an offer made pursuant to OCGA § 9-11-68 was made in good faith. *Hillman,* 347 Ga. App. at 655 (2). The issue of good faith is not on appeal in this case.

So viewed, the record shows that CaseMetrix creates and maintains searchable databases of settlements and judgments for motor vehicle and premises liability claims in multiple states. CaseMetrix was in the process of developing a similar database for worker's compensation claims. Sherpa provided web hosting services to CaseMetrix for all of these databases. Sherpa moved these databases to a new web hosting service and, according to CaseMetrix, did not properly migrate the worker's compensation database or maintain a backup of the information contained in the database.

As a result, CaseMetrix sued Sherpa seeking damages in excess of $4.1 million. Specifically, CaseMetrix alleged that Sherpa was negligent because it had an affirmative duty to protect CaseMetrix's data and that Sherpa failed to act with the level of care of an ordinarily prudent record custodian in failing to properly migrate the worker's compensation database or back up its data. CaseMetrix also alleged that Sherpa breached the contract between the parties.

Prior to trial, Sherpa made an offer of settlement which provided, in relevant part, as follows:

1.

This Offer of Settlement is made pursuant to O.C.G.A § 9-11-68.

. . .

4.

*This proposal attempts to resolve all pending claims* of Plaintiff in the above-styled action, *arising out of claims sounding in tort* for lost data relating to a Workers' Compensation database.

5.

This Offer of Settlement is to *resolve all claims* of Plaintiff for the sum of Thirty Thousand Dollars and 00/100 Cents ($30,000.00).

6.

The relevant conditions of this offer are as follows:

. . .

6) Upon receipt of the funds, Plaintiff shall file a Settlement, Satisfaction, and Dismissal with Prejudice *as to all of Plaintiff's claims*;

7) The amount of the settlement shall be confidential. (Emphasis supplied.) CaseMetrix did not accept this offer, and the case went to trial. The jury found in favor of CaseMetrix; however, it only awarded

$6,269.00 on the tort claim and nothing on the contract claim. Further, the jury found CaseMetrix to be 46 percent at fault for its own harm, and thus the total award to CaseMetrix was reduced to $3,385.26.

Following trial, Sherpa moved for attorney fees pursuant to OCGA § 9-11-68, which the trial court granted after reducing Sherpa's fees to half of those requested. CaseMetrix now appeals.

1. CaseMetrix first contends that the trial court erred in finding that the settlement offer was properly limited to its tort claim. Because we find the offer to be ambiguous as to the scope of the claims encompassed by it, we agree.

Our resolution of this case requires us to interpret OCGA § 9-11-68. In doing so, we keep in mind that

> when interpreting any statute, we necessarily begin our analysis with familiar and binding canons of construction. In considering the meaning of a statute, our charge as an appellate court is to presume that the General Assembly meant what it said and said what it meant. Toward that end, we must afford the statutory text its plain and ordinary meaning, consider the text contextually, read the text in its most natural and reasonable way, as an ordinary speaker of the English language would, and seek to avoid a construction that makes some language mere surplusage. Further, when the language of a statute is plain and susceptible to only one natural and reasonable construction, courts must construe the statute accordingly. Finally, because any statute that

5

provides for the award of attorney fees is in derogation of common law, it must be strictly construed against the award of such damages.

(Citations and punctuation omitted.) *Harris*, 340 Ga. App. at 417-418 (1).

With this framework in mind, we turn to OCGA § 9-11-68.

OCGA § 9-11-68, commonly called the "offer of settlement" statute, was originally added to Georgia's Civil Practice Act (CPA) as part of tort reform legislation that became effective on February 16, 2005, see Ga. L. 2005, p. 1, § 5, and was then amended effective April 27, 2006, see Ga. L. 2006, p. 446, § 1. As [the Supreme] Court explained in upholding OCGA § 9-11-68 against a variety of constitutional challenges, the clear purpose of the statute is to encourage litigants in tort cases to make and accept good faith settlement proposals in order to avoid unnecessary litigation, thereby advancing this State's strong public policy of encouraging negotiations and settlements.

(Citations, footnote, and punctuation omitted.) *Ga. Dept. of Corrections v. Couch*, 295 Ga. 469, 470-471 (1) (b) (759 SE2d 804) (2014).

The law, in relevant part, specifically provides:

(a) At any time more than 30 days after the service of a summons and complaint on a party but not less than 30 days (or 20 days if it is a counteroffer) before trial, either party may serve upon the other party, but shall not file with the court, a written offer, denominated as an offer under this Code section, to settle a tort claim for the money specified in

6

the offer and to enter into an agreement dismissing the claim or to allow judgment to be entered accordingly. Any offer under this Code section must:

(1) Be in writing and state that it is being made pursuant to this Code section;

. . .

(3) Identify generally the claim or claims the proposal is attempting to resolve;

(4) State with particularity any relevant conditions; [and]

(5) State the total amount of the proposal[.]

. . .

(b) (1) If a defendant makes an offer of settlement which is rejected by the plaintiff, the defendant shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the defendant or on the defendant's behalf from the date of the rejection of the offer of settlement through the entry of judgment if the final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement.

OCGA § 9-11-68.

As indicated by its plain language, the law applies to resolution of tort claims only. See *Smith v. Baptiste*, 287 Ga. 23, 29 (2) (694 SE2d 83) (2010) ("Moreover, the fact that the statute applies to tort cases, but not other civil actions, does not render it an impermissible special law."); *Chadwick v. Brazell*, 331 Ga. App. 373, 376 (2) (771 SE2d 75) (2015) ("In order *to dismiss a tort claim* pursuant to an offer of settlement, the offer must contain certain elements.") (emphasis supplied in part and omitted in part). Additionally, to be enforceable, the offer cannot be unclear or ambiguous as to the scope of claims to be resolved if the offer is accepted. See *Tiller v. RJJB Assoc.*, 331 Ga. App. 622, 624 (1) (770 SE2d 883) (2015). This means that the offer must sufficiently identify "the claim or group or category of claims that the proposal cover[s]." Id. at 624 (1) (a). The offer must also sufficiently identify the relevant conditions of the settlement because the scope of claims required to be relinquished by the offer is material. Id. at 626 (1) (b). We have previously found that the public policy goal of encouraging litigants to accept good faith settlement proposals so as to avoid unnecessary litigation is not served "if the recipient of a settlement offer must guess at the offer's meaning or scope in attempting to weigh the risks and advantages of accepting a proposal as opposed to continuing litigation." Id. at 627 (1) (c). It is for this very reason that we have held that "[t]he requirements of

8

OCGA § 9-11-68 (a) help to ensure that offerees will not have to labor under confusion in deciding whether to accept a settlement offer." Id.

Here, in Paragraph 4, the offer seeks to settle "all pending claims . . . *arising out of claims sounding in tort*[.]" (Emphasis supplied.) In Paragraph 5, however, the offer seeks to *"resolve all claims* of [CaseMextrix]." (Emphasis supplied.) The trial court acknowledged this inconsistency, but found that Sherpa "sufficiently clarified in paragraph four that the proposed order of settlement sought to resolve all pending claims sounding in tort." This finding was error. Not only does such a finding require a reader to ignore Paragraph 5, it also ignores Sherpa's settlement condition that required CaseMetrix to "file a Settlement, Satisfaction, and Dismissal with Prejudice *as to all of [CaseMetrix's] claims*." (Emphasis supplied.) An equally plausible reading of the offer is that it required settlement of both CaseMetrix's tort claim and contract claim. Because the offer was internally inconsistent as to the scope of the claims it sought to resolve, the offer was ambiguous and the trial court erred in finding that the offer was limited by its terms solely to CaseMetrix's tort claim. See, e.g., *Western Pac. Mut. Ins. Co. v. Davies*, 267 Ga. App. 675, 680 (1) (601 SE2d 363) (2004) ("a word or phrase is ambiguous only when it is of uncertain meaning, and may be fairly understood in more ways than one. An ambiguity, then, involves a

9

choice between two or more constructions of the contract.") (citation and punctuation omitted). Because the offer was unclear and ambiguous, the requirements of OCGA § 9-11-68 were not met, and we reverse the award of attorney fees to Sherpa.[3]

2. In light of our disposition in Division 1, we need not address the remaining two enumerations of error.

*Judgment reversed. Dillard, P. J., and Gobeil, J., concur*.

---

[3] Sherpa's reliance on *Hillman*, 347 Ga. App. at 652 (1), is misplaced. As mentioned above, that case is physical precedent only and, therefore, not binding on this case. More importantly, *Hillman* is inapposite because in that case this Court did not review whether the offer was unclear or ambiguous. In other words, because *Hillman* did not address the legal issue which forms the basis of this opinion, it does not guide our analysis.