**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 31, 2025**

# In the Court of Appeals of Georgia

A24A1285. THE KANE CLINIC, LLC v. KEITT et al.

WATKINS, Judge.

In this medical malpractice action, defendant The Kane Clinic, LLC d/b/a International Women's Health Services-CIMA (the "Clinic"), appeals from the trial court's order awarding plaintiff Jullyene Santos Keitt, individually and as the natural mother of her deceased child, $1,990,567.69 in attorney fees and expenses under OCGA § 9-11-68, Georgia's offer of settlement statute. The Clinic contends that the trial court was not authorized to make the award because Keitt's offer of settlement failed to comply with the statutory requirements that the offer specify the parties making the offer and the claims to be resolved if accepted. For the reasons that follow, we disagree and affirm.

This case began when Keitt sued the Clinic, seeking damages for the wrongful death of her child and for her own pain and suffering, after the child was stillborn at 38 weeks of pregnancy.[1] In January 2021, Keitt's counsel sent the Clinic an OCGA § 9-11-68 offer of settlement letter, which stated, in full:

> COMES NOW, Plaintiff, Jullyene Santos Keitt, Individually and as the Natural Mother of Baby Santos Keitt, and makes this offer of settlement pursuant to O.C.G.A. § 9-11-68 which shall remain open for thirty days after receipt by Defendants' counsel. This offer is being made to Defendant The Kane Clinic, LLC d/b/a/ International Women's Health Services-CIMA in an attempt to unconditionally resolve all claims alleged in Plaintiff's complaint as against The Kane Clinic, LLC d/b/a/ International Women's Health Services-CIMA on behalf of Plaintiff. Plaintiff proposes to settle these claims as follows:
>
> 1.    The party making this offer is Plaintiff, Jullyene Santos Keitt, Individually and as the Natural Mother of Baby Santos Keitt;
>
> 2.    The parties to whom this offer is made are The Kane Clinic, LLC d/b/a International Women's Health Services-CIMA;
>
> 3.    The total amount of this settlement offer is one million dollars ($1,000,000), to resolve all claims of Jullyene Santos Keitt against

---

[1] See *The Kane Clinic v. Keitt*, 369 Ga. App. XXVII, slip op. at 1 (Case No. A23A0973) (Aug. 7, 2023) (unpublished).

The Kane Clinic, LLC d/b/a/ International Women's Health Services-CIMA. This proposal includes the settlement of all claims alleged in the Complaint as to The Kane Clinic, LLC d/b/a/ International Women's Health Services-CIMA. This offer does not include a claim for punitive damages in this case as Plaintiff has not made any claim for punitive damages. Further the amount set forth does not include attorney's fees as there are no pending claim [sic] for attorney's fees in this cause of action at this time. Should this offer be accepted by this Defendant all claims will be dismissed against The Kane Clinic, LLC d/b/a/ International Women's Health Services-CIMA.

4.     The offer is being served via FEDEX overnight delivery.

5.     This offer will expire thirty days after receipt of the same by Defendant's counsel.

The Clinic did not accept Keitt's offer.

Following a default judgment entered against the Clinic as to liability, a jury awarded Keitt $1 million for her pain and suffering and $4.92 million for her child's wrongful death. The Clinic appealed, and we affirmed in an unpublished opinion.[2] In the interim, Keitt filed a motion for OCGA § 9-11-68 attorney fees and expenses on the ground that the final judgment in her favor exceeded 125 percent of her $1 million

---

[2] See *The Kane Clinic*, 369 Ga. App. XXVII.

offer of settlement. The trial court granted the motion and awarded Keitt a total of $1,990,567.69 in fees and expenses, and this appeal followed.

The Clinic challenges the trial court's grant of Keitt's motion for OCGA § 9-11-68 attorney fees and expenses, contending that her offer of settlement failed to satisfy the statute because it did not clearly identify either (a) the party or parties making the offer or (b) what claim or claims would be resolved if the Clinic accepted it. According to the Clinic, Keitt's offer was internally inconsistent — and therefore ambiguous — because: (i) it variously identified the offeror as both (a) "Jullyene Santos Keitt, Individually and as the Natural Mother of Baby Santos Keitt" and (b) "Jullyene Santos Keitt," without reference to her capacity; and (ii) it did not mention her wrongful death claim. We disagree.

On appeal from an OCGA § 9-11-68 fee award, we review de novo whether the trial court properly interpreted and applied the statute.[3] When interpreting a statute, "we must presume that the General Assembly meant what it said and said what it

---

[3] *Tiller v. RJJB Assoc.*, 331 Ga. App. 622, 623 (770 SE2d 883) (2015); see *Hill v. First Atlantic Bank*, 323 Ga. App. 731, 732 (747 SE2d 892) (2013) (statutory construction is a legal issue that we address de novo).

meant."[4] Thus, absent clear evidence that the legislature intended a contrary meaning (as reflected in the relevant statutory text), "we assign words in a statute their ordinary, logical, and common meanings."[5]

The offer of settlement statute provides, in relevant part:

If a plaintiff makes an offer of settlement which is rejected by the defendant and the plaintiff recovers a final judgment in an amount greater than 125 percent of such offer of settlement, the plaintiff shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the plaintiff or on the plaintiff's behalf from the date of the rejection of the offer of settlement through the entry of judgment.[6]

The statute's purpose is to encourage tort litigants "to make and accept good faith settlement proposals" to avoid unnecessary litigation and advance the state's "strong public policy of encouraging negotiations and settlements."[7] Once a prevailing party establishes that OCGA § 9-11-68 applies, the trial court "shall order the payment of

---

[4] (Citation and punctuation omitted.) *Deal v. Coleman*, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013).

[5] (Citation and punctuation omitted.) *Turner v. Ga. River Network*, 297 Ga. 306, 308 (773 SE2d 706) (2015).

[6] OCGA § 9-11-68 (b) (2).

[7] (Citation and punctuation omitted.) *The Coastal Bank v. Rawlins*, 347 Ga. App. 847, 850 (1) (821 SE2d 89) (2018).

attorney's fees and expenses of litigation."[8] Nevertheless, because the statute "is in derogation of common law," it must be "strictly construed against the award of attorney fees and costs" and "not extended beyond" its "plain and explicit terms."[9]

As relevant here, the statute requires an offer of settlement to "[i]dentify the party or parties making the proposal and the party or parties to whom the proposal is being made" and "[i]dentify generally the claim or claims the proposal is attempting to resolve."[10] "[T]o be enforceable, the offer cannot be unclear or ambiguous as to the scope of claims to be resolved if the offer is accepted. This means that the offer must sufficiently identify the claim or group or category of claims that the proposal covers."[11]

---

[8] OCGA § 9-11-68 (d) (1); *Anglin v. Smith*, 358 Ga. App. 38, 39 (853 SE2d 142) (2020).

[9] (Citations and punctuation omitted.) *Eichenblatt v. Piedmont/Maple, LLC*, 358 Ga. App. 234, 237 (1) (854 SE2d 572) (2021).

[10] OCGA § 9-11-68 (a) (2)-(3).

[11] (Citation and punctuation omitted.) *Eichenblatt*, 358 Ga. App. at 239 (1) (holding that an offer was ambiguous because it was "internally inconsistent as to the scope of the claims it sought to resolve"); accord *CaseMetrix v. Sherpa Web Studios*, 353 Ga. App. 768, 772-773 (1) (839 SE2d 256) (2020) (same).

Here, read as a whole, Keitt's offer of settlement is subject to only one reasonable interpretation: that the offer sought to settle all claims alleged in her complaint, both in her individual capacity and as the mother of her deceased child. First, the offer's introductory paragraph explicitly identifies the offeror as "Jullyene Santos Keitt, Individually and as the Natural Mother of Baby Santos Keitt[.]" Second, the very next paragraph similarly and unambiguously identifies the offeror as "Jullyene Santos Keitt, Individually and as the Natural Mother of Baby Santos Keitt[.]" And while paragraph 3 of the offer does not expressly identify the capacities in which Keitt seeks to settle her claims, the same paragraph unambiguously states that: (i) the offer "includes the settlement of all claims alleged in the Complaint" as to the Clinic; and (ii) should it be accepted, "all claims will be dismissed against" the Clinic. Under these circumstances, the only reasonable interpretation of the offer was that, if accepted, "all claims alleged in the Complaint" by Keitt, "Individually and as the Natural Mother of Baby Santos Keitt," and against the Clinic, would be dismissed.

For these reasons, the Clinic's reliance on several decisions addressing contradictory offers of settlement is misplaced. In *Eichenblatt v. Piedmont/Maple*,[12] the

---

[12] 358 Ga. App. 234.

offer at issue initially purported to settle only "the counterclaim for breach of fiduciary duty asserted by Counterclaim-Plaintiff David L. Eichenblatt against the KDP Parties," but later offered to dismiss "all counterclaims asserted by Mr. Eichenblatt against the KDP Parties" and to release "any and all claims and/or counterclaims, whether known or unknown, that Mr. Eichenblatt (and any assigns, heirs, or successors in interest) may have or may have had at any time in the past against the KDP Parties and their current and former [affiliates]."[13] Because the offeror had asserted both tort and contract counterclaims against the offeree, we held that the offer "was internally inconsistent as to the scope of the claims it sought to resolve and, therefore, ambiguous."[14] No such inconsistency exists here.

In *CaseMetrix v. Sherpa Web Studios*,[15] the offer initially purported to resolve only "all pending claims of Plaintiff in the above-styled action, arising out of claims sounding in tort for lost data relating to a Workers' Compensation database," but later sought to resolve, without limitation, "all claims of Plaintiff" and offered to settle and

---

[13] (Emphases and punctuation omitted.) Id. at 238-239 (1).

[14] (Citation and punctuation omitted.) Id. at 239 (1).

[15] 353 Ga. App. 768.

dismiss "all of Plaintiff's claims."[16] As was the case in *Eichenblatt*, because the *CaseMetrix* plaintiff had asserted both tort and contract claims against the offeree, we held that the offer "was internally inconsistent as to the scope of the claims it sought to resolve," as it was susceptible to two "equally plausible" readings: that it sought to resolve only the tort claims and that it sought to resolve the tort and contract claims.[17] Again, no similar inconsistency exists here.

In *Tiller v. RJJB Associates*,[18] we held that the defendants' offer of settlement "was unclear and ambiguous as to whether accepting [the] offer would require [the plaintiff] to relinquish her claims against [a] co-defendant . . . , against whom [the plaintiff] already held a default judgment as to liability."[19] No such ambiguity exists here, as Keitt's offer expressly applied only to her claims against the Clinic. Finally, in *American Golf Corp. v. Manley*,[20] we affirmed the denial of the plaintiffs' motion for pre-judgment interest under OCGA § 51-12-14 (a) — a statute not at issue here —

---

[16] (Emphases and punctuation omitted.) Id. at 769-770.

[17] Id. at 768, 772-773 (1).

[18] 331 Ga. App. 622.

[19] Id. at 624 (1).

[20] 222 Ga. App. 7 (473 SE2d 161) (1996).

because their prior demand letter under the statute encompassed the claims of only one of the two plaintiffs.[21] Yet again, that situation is not present here.

For the above reasons, the Clinic has not shown that the trial court erred when it granted Keitt's motion for OCGA § 9-11-68 fees and expenses, and we therefore affirm the court's judgment.

*Judgment affirmed. Doyle, P. J., and Hodges, J., concur.*

---

[21] Id. at 10 (5). OCGA § 51-12-14 (a) provides, as relevant to *American Golf Corp.*,

> Where a claimant has given written notice . . . to a person against whom claim is made of a demand for an amount of unliquidated damages in a tort action and the person against whom such claim is made fails to pay such amount within 30 days . . . , the claimant shall be entitled to receive interest on the amount demanded if, upon trial of the case in which the claim is made, the judgment is for an amount not less than the amount demanded. . . .