**SECOND DIVISION
BARNES, P. J.,
MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**October 15, 2013**

# In the Court of Appeals of Georgia

A13A1159. CANTON PLAZA, INC. et al. v. REGIONS BANK, INC.

RAY, Judge.

Canton Plaza, Inc. and Chaim Oami ("the plaintiffs") appeal from an award of attorney fees and expenses in favor of Regions Bank, Inc. ("the Bank") under OCGA § 9-11-68, Georgia's offer of settlement statute. The plaintiffs contend that the trial court erred in awarding the Bank its attorney fees and expenses because the Bank failed to segregate its recoverable fees and expenses from those which were non-recoverable, and because the award, as against plaintiff Oami, was inappropriate. For the following reasons, we affirm in part, vacate in part, and remand the case with direction.

The underlying facts are more fully set forth in *Canton Plaza, Inc. v. Regions Bank, Inc.*, 315 Ga. App. 303 (732 SE2d 449) (2012), where we affirmed the trial court's grant of directed verdicts on the parties' respective claims. In pertinent part, the facts show that the plaintiffs filed a complaint against the Bank, asserting claims for breach of contract and wrongful foreclosure. The Bank asserted counterclaims against the plaintiffs for attorney fees and litigation expenses based on the contractual provisions of the underlying loan documents. Prior to trial, the Bank made a written offer of settlement in the amount of $15,000, which the plaintiffs did not accept. When the case proceeded to trial, the Bank was awarded a directed verdict as to the plaintiffs' claims and the plaintiffs were awarded a directed verdict on the Bank's counterclaims. Thereafter, the Bank filed a motion for attorney fees and expenses pursuant to OCGA § 9-11-68 (b) (1), based on the plaintiff's earlier rejection of its pre-judgment offer of settlement. After a hearing, the trial court granted the Bank's motion and awarded it $78,500 for attorney fees and litigation expenses.

Under OCGA § 9-11-68(2),[1] a party may serve the opposing party with a written offer to settle a tort claim for a specified amount of money in exchange for the dismissal of the claim or entry of judgment in the specified amount.

OCGA § 9-11-68 (b) (1) provides that

[i]f a defendant makes an offer of settlement which is rejected by the plaintiff, the defendant shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the defendant or on the defendant's behalf from the date of the rejection of the offer of settlement through the entry of judgment if the final judgment is one of no liability. . . .

1. The plaintiffs argue that the trial court erred in granting the Bank's motion for attorney fees and expenses under OCGA § 9-11-68 because the plaintiffs had asserted claims for both breach of contract and wrongful foreclosure in their complaint, and because the Bank had failed to segregate the attorney fees and expenses it incurred in defending against the wrongful foreclosure claim from the fees and expenses it incurred in defending against the breach of contract claim.

---

[1] OCGA § 9-11-68 was enacted as part of the Tort Reform Act of 2005, Ga. L. 2005; it became effective on February 16, 2005. See *Fowler Props. v. Dowland*, 282 Ga. 76, 77 (1) (646 SE2d 197) (2007). The Code section was amended by Ga. L. 2006, Act 589, § 1/HB 239, effective April 27, 2006.

Specifically, the plaintiffs argue that the Bank was only entitled to fees and expenses associated with the wrongful foreclosure (tort) claim. However, the plaintiffs' breach of contract claim is premised entirely on the allegations that the Bank improperly initiated foreclosure proceedings. Therefore, we agree with the trial court's finding that the "[p]laintiffs' case was for all practical purposes a tort action arising from an alleged attempted wrongful foreclosure." Furthermore, the record shows that counsel for the Bank was required to perform the same tasks to prepare and present its defense at trial, irrespective of the specific claims asserted by the plaintiffs. Therefore, we find that the plaintiffs' argument lacks merit.

2. The plaintiffs argue that the trial court erred in finding plaintiff Oami liable for attorney fees and expenses under OCGA § 9-11-68. The plaintiffs contend that Oami was merely a guarantor of the loan for the property at issue and, because he had no interest in the subject property, he could not bring a valid wrongful foreclosure (tort) claim against the Bank. Pretermitting whether Oami had standing to assert the wrongful foreclosure claim, the record is quite clear that he joined in asserting the claim. If Oami did not have a valid claim against the Bank for wrongful foreclosure, that fact cannot serve as a basis for disallowing the recovery of attorney fees and expenses associated in defending his claim. Indeed, "[t]he clear purpose of [OCGA

4

§ 9-11-68] is to encourage litigants in tort cases to make and accept good faith settlement proposals in order to avoid *unnecessary* litigation." (Citation and punctuation omitted; emphasis supplied.) *Smith v. Baptiste*, 287 Ga. 23, 29 (2) (694 SE2d 83) (2010). Therefore, we find no merit in the plaintiffs' argument.

3. The plaintiffs also argue that the award was improper because the Bank failed to segregate the fees and expenses associated with prosecuting its counterclaims. We agree.

In this case, the Bank's right to attorney fees and litigation expenses under OCGA § 9-11-68 was established by the prior offer of settlement and the subsequent directed verdict of no liability with regard to the plaintiffs' claims. But in order for the Bank to recover attorney fees and litigation expenses under this statute, the reasonableness of its requested fees and expenses must be shown. See OCGA § 9-11-68 (b) (1).

Here, the Bank's counsel did not testify as to how much of the total amount billed was associated with defending against the plaintiffs' claims as opposed to prosecuting its unsuccessful counterclaims. Further, it is not possible to discern from the billing statements submitted by the Bank's counsel how much of the time and expenses billed were attributable to the defense of the plaintiffs' claims. See *Citadel*

5

*Corp. v. All-South Subcontractors, Inc.*, 217 Ga. App. 736, 738 (1) (458 SE2d 711) (1995) (no evidence was presented from which the fact finder could determine what portion of time spent was attributable to recoverable fees); *Southern Cellular Telecom v. Banks*, 209 Ga. App. 401, 402 (433 SE2d 606) (1993) (trial court could not determine what were recoverable fees where time sheets included many entries consisting only of statements that a conference was held, a letter was written, or a telephone call was made). Compare *Doe v. HGI Realty, Inc.*, 254 Ga. App. 181, 184 (561 SE2d 450) (2002) (award of attorney fees under OCGA § 9-15-14 was proper where majority of the time sheets submitted by counsel related solely to counsel's work regarding the discovery abuse matter at issue, and trial court stated in its order that it was able to ascertain the fees associated with the discovery abuse).

Although we note that the trial court's award was substantially lower than the amount requested by the Bank, the trial court did not indicate whether its was able to ascertain the fees and expenses attributable to the Bank's defense of the plaintiffs' claims, and we have no way of determining whether the trial court improperly considered portions of the fees and expenses which may have been non-recoverable in making its award in this case. As there was no evidence from which the trial court could determine what portion of the fees was attributable to the Bank's defense of the

6

plaintiffs' claims and because a determination of the amount of fees cannot be based on guesswork, the trial court's judgment as to the amount of the attorney fees and expenses must be vacated. This case is remanded for an evidentiary hearing to determine the amount of fees and expenses that are recoverable. See *Southern Cellular Telecom*, supra; *Mills v. Parker*, 267 Ga. App. 334, 335 (2) (599 SE2d 301) (2004).

*Judgment affirmed in part, vacated in part, and case remanded with direction. Barnes, P. J., and Miller, J., concur.*