**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**July 12, 2016**

# In the Court of Appeals of Georgia

A16A0632.   ABDALLA   v.   ATLANTA   NEPHROLOGY
  REFERRAL CENTER, LLC et al.

MILLER, Presiding Judge.

Mazen Abdalla is a physician and former member of the Atlanta Nephrology Referral Center ("ANRC"). In 2006, Abdalla's membership in ANRC was terminated, and he filed suit for breach of contract and fraud against ANRC and its remaining members, Drs. Karen Muro, Ze'ev Sharon, Hesun Han, and Dinesh Chatoth (collectively "ANRC"). Abdalla's breach-of-contract claim was transferred to arbitration, while his fraud claims went to a jury trial where ANRC prevailed. The trial court later awarded attorney fees to ANRC in the amount of $236,686.64 under the offer-of-settlement statute, OCGA § 9-11-68. Abdalla now appeals from that

order. For the reasons that follow, we vacate the fee awards under § 9-11-68 and remand this case for further proceedings consistent with this opinion.

As relevant to this appeal, the record shows that Abdalla joined ANRC in 1996. In 1998, he became a member pursuant to an agreement dictating the operating terms of ANRC's practice ("the 98 Agreement").

In 2006, the ANRC members entered into a new agreement ("the Amended Agreement"). Abdalla received a copy of the Amended Agreement and signed it in March 2006. On May 9, 2006, the members of ANRC held a meeting and terminated Abdalla's membership under the Amended Agreement due to "ongoing patterns of misconduct . . . and the ill effects of such behavior on [ANRC's] medical practice."

Four years later, Abdalla filed his complaint for the inter-related claims of fraud and breach of contract against ANRC, alleging that he was improperly terminated under the terms of the 98 Agreement. ANRC filed a counter-claim for breach of fiduciary duty, and moved to compel arbitration on all claims. Abdalla agreed that the contract claim was subject to arbitration, but he contended that he

2

could not be compelled to arbitrate his fraud claim. The trial court agreed and allowed the fraud claim to proceed to a jury trial.[1]

In May 2013, ANRC offered Abdalla $600,000 under the offer-of-settlement statute, OCGA § 9-11-68, to settle *all* claims arising out of his termination, but Abdalla rejected this offer. Following a nine-day trial, the jury returned a verdict in favor of ANRC on Abdalla's fraud claims and awarded $10 to ANRC on its counter-claim.

Thereafter, ANRC moved for attorney fees in the amount of $236,686.64 under OCGA § 9-11-68 based on Abdalla's rejection of its pretrial settlement offer. The trial court granted ANRC's motion for fees under § 9-11-68 and awarded the requested amount because Abdalla recovered nothing at trial.

In his sole enumeration of error in this appeal, Abdalla argues that the trial court erred in prematurely awarding attorney fees under OCGA § 9-11-68, the offer-

---

[1] After ordering the contract claims to arbitration, the trial court issued a certificate of immediate review, and this Court granted interlocutory review. In October 2011, this Court determined that interlocutory review was improvidently granted, and dismissed the appeal, stating, "While we make no ruling on the merits, we observe that the potential for inconsistent results can be avoided if the trial court rules on the merits of Abdalla's fraud claim before an arbitrator considers the breach of contract claim." Essentially, this is what transpired because the jury returned a verdict for ANRC and the trial court awarded fees for bad faith and pursuant to an offer of settlement that was rejected by Abdalla.

3

of-settlement statute, while the arbitration portion of his case is currently outstanding.[2] As an initial matter, we note that we need not decide whether a defendant can recover fees under § 9-11-68 based on a settlement offer that encompasses both litigated tort claims and claims subject to arbitration because the only issue Abdalla raises on appeal is that the award is premature.[3] Although Abdalla rejected ANRC's settlement offer, and the jury found in ANRC's favor, given the unique circumstances of this case, we are constrained to agree that the award of fees under § 9-11-68 is premature.

"We apply a de novo standard of review when an appeal presents a question of law regarding whether the trial court correctly interpreted and applied" the statute. (Citation omitted.) *Tiller v. RJJB Assoc., LLP*, 331 Ga. App. 622, 623 (770 SE2d 883) (2015).

---

[2] Notably, it does not appear from the record that Abdalla has arbitrated his contract claim.

[3] Abdalla argued in the trial court that ANRC's offer to settle litigated tort claims and arbitrable contract claims did not qualify as an offer made under OCGA § 9-11-68, however, he did not raise that argument on appeal and thus it is deemed abandoned and not preserved for review. See *134 Baker St., Inc. v. State,* 172 Ga. App. 738, 741 (5) (324 SE2d 575) (1984) ("grounds raised at trial but not argued before this court are deemed abandoned"); Court of Appeals Rule 25.

This case involves multiple statutory provisions which are intended to expedite dispute resolution and reduce the burden on the courts of this state: the Arbitration Code, codified at OCGA § 9-9-1, et. seq., and the offer-of-settlement statute, codified at OCGA § 9-11-68. Unfortunately, Abdalla has frustrated the purpose of these two important laws and, due to the unusual procedural posture of this case, we are without power to fully remedy the situation at this juncture. We are placed in this untenable position because the trial court decided to bifurcate Abdalla's claims, despite their interrelated nature, and to conduct a jury trial on his fraud claim prior to arbitration of his contract claim without taking steps to ensure prompt arbitration. Indeed, on November 10, 2010, the trial court ordered that Abdalla's contract claim be arbitrated, however, it appears that as of today Abdalla has still taken no steps to comply with that order and has done so without consequence. As a result, we are now confronted with a case which has maximized, rather than minimized, judicial resources, and we are confronted with a litigant – Abdalla – who has been all too willing to take advantage of the situation. With the benefit of hindsight as to the manner in which Abdalla would conduct himself during the course of this dispute, we likely could have avoided this dilemma had this Court ruled on the merits of the first appeal so that the

5

fraud and interrelated contract claim could have been arbitrated together. See fn 1, supra.

As our Supreme Court has recognized, "the purpose of arbitration is to avoid the courts for dispute resolution." *Hardin Const. Group., Inc. v. Fuller Enterprises, Inc.*, 265 Ga. 770, 771 (462 SE2d 130) (1995). Further, Georgia has a "strong public policy of encouraging negotiations and settlements." *Georgia Dept. of Corrections v. Couch*, 295 Ga. 469, 471 (1) (b) (759 SE2d 804) (2014). Moreover, the "clear purpose of OCGA § 9-11-68 is to encourage litigants in tort cases to make and accept good faith settlement proposals in order to avoid *unnecessary* litigation." (Citation and punctuation omitted.) *Canton Plaza, Inc. v. Regions Bank, Inc.*, 325 Ga. App. 361, 363 (2) (749 SE2d 825) (2013); see also OCGA § 9-11-68 (a). Although the Arbitration Code and the offer-of-settlement statute have similar purposes of minimizing litigation, they operate at cross-purposes in this litigation and serve to undermine the good will intended in each statute. It does not appear that the legislature contemplated this interaction.

Faced with bifurcated proceedings, ANRC made a purported OCGA § 9-11-68 offer of settlement to resolve *all* potential claims by Abdalla. Accordingly, we are now forced to determine whether ANRC is entitled to fees under the statute at the

6

conclusion of the tort trial, or if the award is premature while the contract claim remains to be arbitrated.

Under § 9-11-68, where an offer of settlement is made by the defendant and rejected by the plaintiff,

> the defendant shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the defendant or on the defendant's behalf from the date of the rejection of the offer of settlement through the entry of judgment if the final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement.

OCGA § 9-11-68 (b) (1).

We fail to see how Abdalla could prevail on his contract claim in light of the jury's outright rejection of his fraud claim. The jury's verdict stands. Nevertheless, as long as the arbitration claim remains pending we cannot say unequivocally that Abdalla will fail to recover at least 75 percent of ANRC's offer of settlement. Under OCGA § 9-11-68 (d) (1) "[t]he court shall order the payment of attorney's fees and expenses of litigation upon receipt of proof that the judgment is one to which . . . this Code section appl[ies]." Until we know the outcome of the arbitration proceeding

with a judgment certain, we do not have proof that the code section applies, thus any award at this stage is premature.

We are cognizant of the amount of time and effort expended in this litigation and how Abdalla and his counsel's conduct have frustrated the purposes of both the Arbitration Code and the offer-of-settlement statute. Our conclusion here should not be taken as approval of such delay tactics. In fact, we do not condone these tactics and wish to prevent any future litigants, to the extent possible, from proceeding in this manner. On remand we encourage the parties and the trial court to swiftly bring this matter to a conclusion.

Accordingly, we vacate the award of fees under the offer-of-settlement statute, OCGA § 9-11-68, as premature, and remand for further proceedings.

*Judgment vacated and remanded. McFadden and McMillian, JJ., concur*.