**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 18, 2018**

# In the Court of Appeals of Georgia

A18A1045. HILLMAN et al. v. BORD et al.

REESE, Judge.

In the third appearance[1] of this case before this Court, Daniel and Amy Hillman ("the Appellants") appeal from the trial court's order granting attorney fees to Anna Bord and Victor M. Bondar ("the Appellees") under OCGA § 9-11-68. The Appellants argue that the offers to settle proffered by the Appellees were invalid and not made in good faith. Further, the Appellants assert that the trial court abused its discretion in finding that the offers to settle were made in good faith and improperly determined the amount of attorney fees awarded. For the reasons set forth infra, we affirm the trial court's decision.

---

[1] See *Bord v. Hillman*, 335 Ga. App. 18 (780 SE2d 725) (2015); *Hillman v. Bord*, 342 Ga. App. XXII (August 2, 2017) (unpublished).

Because a detailed factual history of this case is found in the opinion in the first appeal, a brief summary and statement of the subsequent pertinent facts follow.[2] In September 2013, the Appellants filed suit against their next-door neighbors, the Appellees, alleging damage to their property caused by changes the Appellees made to the Appellees' property that increased water run-off onto the Appellants' land. The Appellants asserted claims of, inter alia, negligence, nuisance and trespass and sought injunctive relief.[3] The Appellees filed an answer and a counterclaim seeking injunctive relief and alleging, inter alia, nuisance, trespass, negligence, and defamation on the ground that a retaining wall built by the Appellants increased water run-off and damaged the Appellees' property.[4] During the course of litigation, the parties conducted discovery, and the trial court ordered the parties to mediation. After

---

[2] See, e.g., *Lima Delta Co. v. Global Aerospace*, 338 Ga. App. 40, 46 (3) (789 SE2d 230) (2016) ("OCGA § 9-11-60 (h) provides that any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be. [I]f subsequent to an appellate decision, the evidentiary posture of the case changes in the trial court, [o]ur review is limited to the effect of the new evidence, and we are precluded from reconsidering previously decided issues except to the extent of the additional evidence.") (citation and punctuation omitted).

[3] *Bord*, 335 Ga. App. at 19.

[4] Id.

the parties attended in mediation, the Appellees sent two separate offers to settle, the first in July 2014 and the second in December 2014, both pursuant to OCGA § 9-11-68. The Appellants did not accept either offer to settle within the 30-day time frame set forth in OCGA § 9-11-68 (a).[5]

The Appellants filed a motion for partial summary judgment on the Appellees' counterclaims related to the retaining wall.[6] The trial court granted the motion, but this Court reversed.[7] A five-day jury trial ensued, with the jury finding on behalf of the Appellees as to the Appellants' claims and finding on behalf of the Appellants as to the Appellees' counterclaims. The Appellants initially appealed to this Court, and we granted their motion to transfer the matter to the Supreme Court of Georgia, on

---

[5] OCGA § 9-11-68 (a), states in pertinent part,
At any time more than 30 days after the service of a summons and complaint on a party but not less than 30 days (or 20 days if it is a counteroffer) before trial, either party may serve upon the other party, but shall not file with the court, a written offer, denominated as an offer under this Code section, to settle a tort claim for the money specified in the offer and to enter into an agreement dismissing the claim or to allow judgment to be entered accordingly.

[6] *Bord*, 335 Ga. App. at 19.

[7] Id. at 23 (1).

the sole issue of "the trial court's denial of their request for equitable relief."[8] The Supreme Court of Georgia returned the appeal to this Court, stating "[i]n this case, it appears that the trial court's denial of equitable relief flowed directly from the jury's rejection of the [A]ppellants' trespass claim, such that the appeal would be outside [the Supreme] Court's jurisdiction[.]"

This Court affirmed the trial court's denial of equitable relief,[9] meanwhile the Appellees filed a motion for $144,826.59 in attorney fees under OCGA § 9-11-68. After a hearing, the trial court granted in part the Appellees' motion for attorney fees, ordering the Appellants to pay $120,559.75. This appeal follows.

1. The Appellants argue that the trial court erred in granting attorney fees under OCGA § 9-11-68 because the Appellees' two offers to settle were invalid. The Appellants contend that the offers attempted to settle both tort and non-tort (equitable) claims, in violation of OCGA § 9-11-68 (a). Specifically, the Appellants argue that the trial court erred in ruling that the offers to settle were valid even though they required the Appellants to dismiss all of their claims, including their claim for equitable relief. We disagree.

---

[8] See Court of Appeals Order, Case No. A17A0101, dated September 26, 2016.

[9] See *Hillman v. Bord*, 342 Ga. App. XXII (August 2, 2017) (unpublished).

4

Generally, appellate courts apply "a de novo standard of review when an appeal presents a question of law regarding whether the trial court correctly interpreted and applied OCGA § 9-11-68 (a)."[10] As such, "[w]e owe no deference to a trial court's ruling on questions of law and review such issues de novo under the 'plain legal error' standard of review."[11]

Under OCGA § 9-11-68, if a defendant makes an offer of settlement to the plaintiff to settle a tort claim pursuant to OCGA § 9-11-68 (a) and the plaintiff rejects the settlement offer,

> the defendant shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the defendant or on the defendant's behalf from the date of the rejection of the offer of settlement through the entry of judgment if the final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement.[12]

---

[10] *Tiller v. RJJB Assoc., LLP*, 331 Ga. App. 622, 623 (770 SE2d 883) (2015) (citations and punctuation omitted).

[11] *Chadwick v. Brazell*, 331 Ga. App. 373, 375 (2) (771 SE2d 75) (2015) (citations and punctuation omitted).

[12] OCGA § 9-11-68 (b) (1).

5

Among other requirements for an offer to settle to be valid, OCGA § 9-11-68 (a) requires that the offer must "[s]tate with particularity any relevant conditions[.]"[13] Under OCGA § 9-11-68 (d) (1), upon receipt of proof that the judgment falls under the provisions of OCGA § 9-11-68 (b) (1), then "[t]he court shall order the payment of attorney's fees and expenses of litigation[.]"[14]

When examining the text of a statute to discern its meaning, this Court presumes that the General Assembly "meant what it said and said what it meant."[15] Further, we must view the statutory text contextually in light of its plain and ordinary meaning, "in its most natural and reasonable way, as an ordinary speaker of the English language would, and seek to avoid a construction that makes some language mere surplusage."[16] In that regard, "when the language of a statute is plain and susceptible of only one natural and reasonable construction, courts must construe the

---

[13] OCGA § 9-11-68 (a) (4).

[14] OCGA § 9-11-68 (d) (1).

[15] *Deal v. Coleman*, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013) (citation and punctuation omitted).

[16] *Harris v. Mahone*, 340 Ga. App. 415, 417-418 (1) (797 SE2d 688) (2017) (punctuation and footnotes omitted).

statute accordingly."[17] It is well settled that in Georgia, a statute providing attorney fees is in derogation of common law and must be strictly construed against awarding such damages.[18]

The record shows that in their original complaint, the Appellants asserted tort claims and an equitable claim, and sought punitive damages and attorney fees. The Appellants' equitable claim for injunctive relief asked the trial court to enjoin, inter alia, the Appellees from channeling and directing water onto the Appellants' property in a way that would cause additional water or soil deposits onto their property. The Appellants also requested that the trial court order remediation measures to restore the Appellants' property to its "predevelopment condition[.]"

In its order granting the Appellees' motion for attorney fees, the trial court found that the Appellants' injunctive relief claim was "premised entirely on the allegations contained in [the Appellants'] tort claims, including nuisance, trespass,

---

[17] Id. at 418 (1) (punctuation and footnote omitted).

[18] See *Horton v. Dennis*, 325 Ga. App. 212, 216 (750 SE2d 493) (2013); see also Ga. Const. of 1983, Art. I, Sec. I, Par. XII (No person should be deprived of the right to bring or defend that person's cause in a court proceeding.).

7

negligence, and negligence per se."[19] According to the trial court, "[c]laims for damages and a claim for equitable relief seeking to prevent the activity causing the damage [were] so intertwined [as] to be different sides of the same coin." The trial court ruled, therefore, that OCGA § 9-11-68 (a) permitted the dismissal of the Appellants' equitable claim as a "relevant condition" of the settlement offer.

Neither the General Assembly nor the Georgia appellate courts have defined the term, "relevant conditions," as used in OCGA § 9-11-68 (a) (4).[20] The Appellants urge this Court to "draw guidance" from Florida courts, asserting that Florida's offer of settlement statute also has no "provision for including non[-]monetary relief."[21] To

---

[19] See *Canton Plaza, Inc. v. Regions Bank, Inc.*, 325 Ga. App. 361, 362 (1) (749 SE2d 825) (2013) (Fee award affirmed under OCGA § 9-11-68 where plaintiff alleged breach of contract and wrongful foreclosure against the defendant bank and the trial court determined that the contract claim was premised on the bank's initiation of improper foreclosure proceedings, so that "[p]laintiffs' case was for all practical purposes a tort action arising from an alleged attempted wrongful foreclosure.") (punctuation omitted).

[20] See *Great West Cas. Co. v. Bloomfield*, 303 Ga. App. 26, 28 (1) (693 SE2d 99) (2010) ("Neither the Supreme Court of Georgia nor this [C]ourt has addressed the level of particularity needed for a condition in a settlement offer to satisfy OCGA § 9-11-68 (a) (4)."); cf. *Abdalla v. Atlanta Nephrology Referral Center*, 338 Ga. App. 36, 38, n. 3 (789 SE2d 288) (2016) (The Appellant failed to raise the issue of whether a settlement offer under OCGA § 9-11-68 could encompass tort claims and claims subject to arbitration.).

[21] See Fla. R. Civ. P. 1.442 (c) (2) (D).

do as the Appellants ask, however, is tantamount to adding language to the statute, which we cannot do.[22] If the General Assembly desired to include language in OCGA § 9-11-68 specifying or excluding the types of "relevant conditions" that could be included in the settlement offer, it would have done so.[23]

Consequently, under the circumstances presented, we agree with the trial court that the Appellants' request for injunctive relief was entirely premised on the allegations contained in their tort claims against the Appellees.[24] Therefore, we find that the Appellants' argument lacks merit.

---

[22] See *Harris*, 340 Ga. App. at 422 (1) ("[U]nder our system of separation of powers this Court does not have the authority to rewrite statutes.") (punctuation and footnote omitted).

[23] See id. ("[T]he doctrine of separation of powers is an immutable constitutional principle which must be strictly enforced, and under that doctrine, statutory construction belongs to the courts, legislation to the legislature. Thus, we cannot and will not add a line to the law.") (punctuation and footnotes omitted); see also *Balmer v. Elan Corp.*, 278 Ga. 227, 229-230 (2) (599 SE2d 158) (2004) ("While we are at liberty to consider foreign authority, the appellate courts of this state are not bound by decisions of other states or federal courts except the United States Supreme Court.") (citation and punctuation omitted); *Carter v. Scott*, 320 Ga. App. 404, 407 (1) (750 SE2d 679) (2013) (cases not decided by Georgia's courts lack binding precedential value); see also Ga. Const. of 1983, Art. VI, Sec. V, Par. III (Supreme Court decision is binding precedent on Court of Appeals).

[24] See OCGA § 9-11-68 (a).

2. The Appellants argue that the trial court focused on "purely subjective evidence" from the Appellees' counsel and erred in finding that the settlement offers by the Appellees were made in good faith. We disagree.

On appeal, a trial court's ruling on whether an offer of settlement under OCGA § 9-11-68 was made in good faith is reviewed for abuse of discretion.[25] The offeree (aggrieved party) has the burden to show the absence of good faith.[26] Relevant evidence on the absence of good faith may include, inter alia, "(1) whether the offer bore no reasonable relationship to the amount of damages[,] (2) [an unrealistic] assessment of liability, or (3) that the offeror lacked intent to settle the claim."[27] Under OCGA § 9-11-68 (d) (2),

> [i]f a party is entitled to costs and fees pursuant to the provisions of this Code section, the court may determine that an offer was not made in

---

[25] *Great West Cas. Co. v. Bloomfield*, 313 Ga. App. 180, 181 (721 SE2d 173) (2011).

[26] See *Richardson v. Locklyn*, 339 Ga. App. 457, 460-462 (793 SE2d 640) (2016) (This Court adopted Florida's test for determining whether an offer of settlement was made in good faith.); see also *OTS, Inc. v. Weinstock & Scavo, P.C.*, 339 Ga. App. 511, 520 (8) (793 SE2d 672) (2016) (physical precedent only) (The Georgia Court of Appeals adopted Florida's test to determine whether a settlement offer was made in good faith.).

[27] See *Richardson*, 339 Ga. App. at 460 (citations and punctuation omitted).

10

good faith in an order setting forth the basis for such a determination. In such case, the court may disallow an award of attorney's fees and costs.

It is well settled that,

[i]n explaining that appellate courts defer to trial courts' rulings on the admissibility of evidence, our Supreme Court has stated, "This is so because trial courts, unlike appellate courts, are familiar with a piece of litigation from its inception, hear first-hand the arguments of counsel, and consider disputed evidence within the context of an entire proceeding."[28]

(a) The Appellants argue that the first offer of settlement in July 2014 by the Appellees was too low and made after only "rudimentary paper discovery" had occurred between the parties. We find that the trial court did not abuse its discretion in rejecting this argument.

The record shows that the Appellants' complaint was filed on September 6, 2013. The Appellants responded to discovery from Appellee Bord. At the hearing on the motion for attorney fees under OCGA § 9-11-68, the Appellees' counsel testified that, prior to the first offer of settlement, and before any depositions had been taken, the parties engaged in mediation. He further testified that before mediation, the

---

[28] *Great West Cas. Co.*, 313 Ga. App. at 183 (2) (citation and punctuation omitted).

Appellees retained an engineering expert and conducted a property inspection. At mediation, the Appellees made a final settlement offer of $4,000 in exchange for the dismissal of all of the Appellants' claims.

In the Appellees' counsel's affidavit attached to the motion for attorney fees, counsel averred that the Appellants had provided the Appellees with documentation of expenses totaling $24,089.98 prior to the July 2014 first offer to settle for $5,000 under OCGA § 9-11-68. The Appellees' counsel testified that the first offer of settlement for $5,000 was "predicated partially on the strength of the defense to liability and partially on [the itemization of the Appellants'] damages numbers[,]" and that the funds could be used to remediate the problems on their property.[29]

In its order finding that the Appellants did not show a lack of good faith in the first offer to settle, the trial court stated "[the Appellees' counsel's] testimony on the stand, his affidavit, and his emails show[ed] he believed [the Appellees] had strong defenses to liability and limited exposure." Thus, the record shows that the trial court considered the first offer of settlement within the context of the case and determined

---

[29] The Appellees' counsel stated in his affidavit that, at the time of the first offer, "it was apparent that [the Appellants'] property [had] received excessive stormwater drainage from surrounding properties due to the area's topography, rather than due to any action of the [Appellees]."

that the Appellees intended to settle the claim, had "a reasonable basis" for making the offer, and that the Appellants had failed to show "an absence of good faith" by the Appellees.[30]

Further, a party's reasonable and correct determination that its exposure is minimal, and its offer to settle the matter for a nominal value, does not require a finding that its offer was made in bad faith.[31] The record shows that the Appellees presented the Appellants with the first offer to settle more than 30 days after the service of the summons and complaint but not less than 30 days before trial, in accordance with the statute.[32] Under the facts of this case and based on the forgoing, the trial court did not abuse its discretion in rejecting this argument.

---

[30] See *Great West Cas. Co.*, 313 Ga. App. at 183 (2); see also *Richardson*, 339 Ga. App. at 460.

[31] See *Cohen v. Alfred & Adele Davis Academy, Inc.*, 310 Ga. App. 761, 763 (1) (714 SE2d 350) (2011) ("[B]ecause the [defendant] reasonably and correctly anticipated that its exposure was minimal, the fact that it was willing to settle [the plaintiff's] claims for a nominal value does not demand a finding that its offer was made in bad faith.") (punctuation omitted).

[32] See OCGA § 9-11-68 (a).

(b) The Appellants assert that the Appellees made the December 2014 settlement offer in bad faith because it was unclear if the offer included settlement of the claim for equitable relief. We find no abuse of discretion.

An offer to settle under OCGA § 9-11-68 (a) (3) must "[i]dentify generally the claim or claims the proposal is attempting to resolve[.]" The record shows that the Appellees made a second offer in December 2014 to settle in the amount of $41,000. The settlement offer specifically stated that it was an "attempt to resolve all [of the Appellants'] claims against [the Appellees] as raised in this action, including all claims for injunctive relief[.]" The Appellees' offer to settle was also contingent upon, inter alia, the Appellants accepting and agreeing to receive a lump sum payment of $41,000 from the Appellees and filing "a [d]ismissal [w]ith [p]rejudice of all claims [the Appellants] ha[d] asserted in this action within ten (10) days of its receipt of the payment referenced above[.]"

Here, the Appellants filed one complaint and did not attempt to amend it. Based on the foregoing, we find that the trial court did not abuse its discretion in finding that the Appellees clearly identified the claims to be resolved by the settlement proposal.[33]

---

[33] See *Tiller*, 331 Ga. App. at 625 (1) (a) (Offeree filed both a complaint and an amended complaint for injuries allegedly incurred after a slip and fall. On appeal, the OCGA § 9-11-68 attorney fee award was reversed because the offeror did not

14

3. The Appellants argue that the trial court failed to distinguish between recoverable and non-recoverable attorney fees and litigation costs under OCGA § 9-11-68. We find no abuse of discretion by the trial court in determining the attorney fee award.

Under OCGA § 9-11-68 (b) (1), the request for attorney fees must be for a "reasonable" amount.[34] A hearing on a request for attorney fees is required "so that the party opposing fees has an opportunity to confront and challenge whether the fees a party is entitled to under OCGA § 9-11-68 (b), are reasonable, and, if raised, to shoulder its burden to prove the absence of good faith."[35]

The record shows that the Appellees' counsel testified at the hearing on the OCGA § 9-11-68 request for attorney fees. Prior to the hearing, the Appellees' counsel submitted an affidavit and documentation of his fees associated with defending against the Appellants' claims.[36] In his affidavit, the Appellees' counsel

---

generally identify which of the offeree's claims were to be resolved.).

[34] *Richardson*, 339 Ga. App. at 462.

[35] Id. (punctuation omitted).

[36] The record shows that the Appellees had separate counsel for their counterclaims, including separate billing records.

15

stated that his hourly rate is "fair, reasonable and customary for attorney[ ] fees and expenses throughout Georgia, including Fulton County . . . and the total attorneys[ ] fees and expenses [were] reasonable and customary . . . for the amount and type of work done in representing [the Appellees] in this case."

At the hearing, the Appellants cross-examined the Appellees' counsel about the settlement offers, mediation, and discovery, but did not question him about his fees or their reasonableness. The trial court found that the Appellees' attorney fees were reasonable and then awarded $120,559.75 under OCGA § 9-11-68.

The Appellants were given an opportunity to cross-examine the Appellees' counsel on whether the attorney fees were incurred, whether they were necessary, and whether they were reasonable, but the Appellants failed to do so. Based on the foregoing, the Appellants have not met their burden of showing that the award of attorney fees in the amount of $120,559.75 to the Appellees was unreasonable.[37] Thus, the trial court did not abuse its discretion in awarding the Appellees attorney fees totaling $120,559.75.

---

[37] See generally, *Ga. Dept. of Corrections v. Couch*, 295 Ga. 469, 483-484 (3) (a) (759 SE2d 804) (2014) (The Appellant contested the reasonableness of the attorney fees awarded under OCGA § 9-11-68 (b).).

*Judgment affirmed. McMillian, J., concurs fully in Division 3 and concurs in judgment only in Divisions 1 and 2. Barnes, P. J., dissents.*

**\*THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2 (a).**

A18A1045.  HILLMAN et al. v. BORD et al.

BARNES, Presiding Judge, dissenting.

I respectfully dissent.  Based on the statutory framework and the rule of strict construction applicable in this context, an offer to settle made pursuant to OCGA § 9-11-68 can encompass only tort claims for damages, and such an offer cannot be conditioned on the dismissal of claims for non-monetary relief.  Because the appellees conditioned their offer of settlement on the dismissal of the appellants' claims for injunctive relief, the appellees' offer did not qualify as an offer to settle under the statute.  Accordingly, the trial court's award of attorney fees and expenses under OCGA § 9-11-68 should be reversed.

The language and structure of OCGA § 9-11-68 reflect that the legislature contemplated that it would apply only to offers to settle tort claims for damages. OCGA § 9-11-68 (a) authorizes a party to serve on the other party "a written offer[] . . . to settle a tort claim for the money specified in the offer and to enter into an agreement dismissing the claim or to allow judgment to be entered accordingly." OCGA § 9-11-68 (b) then addresses the circumstances under which fee-shifting will be triggered by a rejected offer of settlement: a defendant who makes an offer is entitled to fees "if the final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement," OCGA § 9-11-68 (b) (1); a plaintiff who makes an offer is entitled to fees if "the plaintiff recovers a final judgment in an amount greater than 125 percent of such offer of settlement." OCGA § 9-11-68 (b) (2).

OCGA § 9-11-68 "is in derogation of common law and it must be strictly construed against the award of [attorney fees and costs]." (Citations and punctuation omitted.) *Alessi v. Cornerstone Assoc.*, 334 Ga. App. 490, 493 (780 SE2d 15) (2015). OCGA § 9-11-68 therefore "must be limited strictly to the meaning of the language employed, and not extended beyond the plain and explicit terms of the statute." (Citation and punctuation omitted.) *Delta Airlines v. Townsend*, 279 Ga. 511, 512 (1)

2

(614 SE2d 745) (2005). Because the method of comparing the offer amount and the final judgment is monetary in nature, the triggering mechanism for fee-shifting under OCGA § 9-11-68 (b) is predicated on an offer to settle one or more tort claims for damages. And, given that there is no similar provision that addresses how to compare an offer of settlement to a judgment awarding non-monetary relief, OCGA § 9-11-68, strictly construed, applies only to offers seeking to settle tort damages claims.

Nor should the term "any relevant conditions" found in OCGA § 9-11-68 (a) (4) be construed broadly to permit an offer of settlement to condition acceptance of the offer on the dismissal of claims for non-monetary relief. Construing "any relevant conditions" in such an expansive manner would be inconsistent with the rule of strict construction and with the fee-shifting provisions of OCGA § 9-11-68 (b) discussed above. See *Vollrath v. Collins*, 272 Ga. 601, 604 (2) (533 SE2d 57) (2000) (provisions of a statute should be construed harmoniously rather than in a manner that would render them inconsistent and contradictory). An expansion of the statute to encompass offers that seek the dismissal of claims for non-monetary relief "must come from the legislature, as it alone is entrusted with the authority to amend existing laws." *Abdulkadir v. State*, 279 Ga. 122, 124 (2) (610 SE2d 50) (2005).

3

In light of the foregoing, OCGA § 9-11-68 does not apply to an offer of settlement that, as in the present case, sought to condition acceptance of the offer on the dismissal of claims for an injunction. Notably, Florida courts have reached a similar conclusion in construing that state's offer of judgment statute,[1] see *Diamond Aircraft Indus. v. Horowitch*, 107 So3d 362, 372-376 (Fla. 2013); *Winter Park Imports v. JM Family Enterprises*, 66 So3d 336, 340-342 (Fla. Dist. Ct. App. 2011); *Palm Beach Polo Holdings v. Equestrian Club Estates Property Owners Assoc.*, 22 So3d 140, 143-145 (Fla. Dist. Ct. App. 2009), and we have looked to that state for guidance in applying OCGA § 9-11-68.  See *Richardson v. Locklyn*, 339 Ga. App. 457, 459 (793 SE2d 640) (2016) (noting that "Georgia's offer of settlement statute, part of the Tort Reform Act of 2005, is modeled after Florida's offer of judgment statute," and "[w]e therefore look to our sister state for guidance in its application").

Accordingly, the appellees' offer of settlement did not qualify as an offer of settlement under OCGA § 9-11-68, and the trial court erred in awarding attorney fees and expenses to the appellees under the fee-shifting provisions of that statute. Because the majority concludes otherwise, I respectfully dissent.

---

[1] See Fla. Stat. § 768.79.

4