**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 1, 2021**

# In the Court of Appeals of Georgia

A21A0621. SHAHA v. GENTRY et al.

REESE, Judge.

Following a jury trial, Tony Gentry, Miguel Love, and Lakyndria Love (collectively, "the plaintiffs") secured a judgment against Ramesh Shaha for $78,000. As Shaha had previously rejected their offers of settlement, the plaintiffs sought attorney fees and litigation expenses pursuant to OCGA § 9-11-68. Following a hearing, the court granted their motion for attorney fees and costs totaling $21,012. This appeal followed. For the reasons set forth infra, we affirm the trial court's ruling.

In 2014, the plaintiffs sued Shaha for injuries sustained in an automobile collision. The court originally placed the case on its trial calendar for August 2016, but granted Shaha a continuance after he underwent open-heart surgery. The plaintiffs each submitted an offer of settlement to Shaha proposing to dismiss the action with

prejudice in exchange for payment of $16,666.67 each, or $50,000.01 in total. Shaha rejected the plaintiffs' offers.

In February 2017, Shaha attended the first day of trial, but asked for a continuance as he stated he felt ill during the preliminary proceedings. In May 2017, the court ultimately held a two-day trial, which Shaha did not attend. The jury returned a verdict for the plaintiffs and awarded monetary damages totaling $78,000. The trial court subsequently entered a judgment in the plaintiffs' favor.

Shaha appealed, and we affirmed the trial court's ruling. The plaintiffs then sought to recover attorney fees and litigation expenses pursuant to OCGA § 9-11-68. Following a hearing on their motion, the trial court ruled for the plaintiffs, awarding them attorney fees and expenses totaling $21,021. This appeal followed.

"We review for abuse of discretion the trial court's decision on whether a settlement offer [pursuant to OCGA § 9-11-68] was made in good or bad faith."[1] "It is well-settled that an award of attorney fees is to be determined upon evidence of the

---

[1] *Great West Cas. Co. v. Bloomfield*, 313 Ga. App. 180, 181 (721 SE2d 173) (2011).

reasonable value of the professional services which underlie the claim for attorney fees."[2] With these guiding principles in mind, we now turn to Shaha's claims of error.

1. In related arguments, Shaha contends that the attorney fees awarded under OCGA § 9-11-68 were unreasonable. He asserts that the trial court's ruling should be reversed as the amount of attorney fees sought by the plaintiffs was unjustifiable. We disagree.

The purpose of OCGA § 9-11-68, commonly referred to as Georgia's "offer of settlement" statute, is to encourage litigants in tort actions "to make and accept good faith settlement proposals in order to avoid unnecessary litigation," which in turn supports the State's policy of "encouraging negotiations and settlements."[3] The statute states, in part,

> [i]f a plaintiff makes an offer of settlement which is rejected by the defendant and the plaintiff recovers a final judgment in an amount greater than 125 percent of such offer of settlement, the plaintiff shall be entitled to recover reasonable attorney's fees and expenses of litigation

---

[2] *Ga. Dept. of Corrections v. Couch*, 295 Ga. 469, 483 (3) (a) (759 SE2d 804) (2014) (citation and punctuation omitted).

[3] *Couch*, 295 Ga. at 471 (1) (b) (citation and punctuation omitted).

3

incurred by the plaintiff or on the plaintiff's behalf from the date of the rejection of the offer of settlement through the entry of judgment.[4]

In the present case, the three plaintiffs presented offers to settle for $50,000 ($16,666 each), and were awarded a final judgment of $78,000. Because the final judgment exceeded 125 percent of the plaintiffs' offer, as a threshold matter, they satisfied the requirement set forth in OCGA § 9-11-68 (b) (2) and are thus entitled to attorney fees and litigation expenses.[5]

Additionally, the plaintiffs presented affidavits detailing the 75 hours spent by their counsel on the case between the rejection of their offers and the entry of judgment, which resulted in $20,550 in attorney fees. As stated in the affidavits, 38 of these hours were spent physically attending trial, and most of the remaining hours were spent in trial preparation. The plaintiffs also provided information regarding their attorneys' hourly rates and experience. Therefore, the trial court did not commit

---

[4] OCGA § 9-11-68 (b) (2).

[5] See *Anglin v. Smith*, 358 Ga. App. 38, 40 (853 SE2d 142) (2020).

4

reversible error as the plaintiffs' claim for attorney fees was supported with adequate specification, and such fees were reasonable.[6]

2. Shaha also contends that the trial court abused its discretion in granting the plaintiffs' motion for attorney fees because the plaintiffs' settlement offers were not made in good faith. We disagree.

As this Court has stated:

> On appeal, a trial court's ruling on whether an offer of settlement under OCGA § 9-11-68 was made in good faith is reviewed for abuse of discretion. The offeree (aggrieved party) has the burden to show the absence of good faith. Relevant evidence on the absence of good faith may include, inter alia, (1) whether the offer bore no reasonable relationship to the amount of damages, (2) an unrealistic assessment of liability, or (3) that the offeror lacked intent to settle the claim.[7]

Here, the plaintiffs' offers of settlement totaled $50,000, which bore a reasonable relationship to the plaintiffs' approximate medical costs and the insurance

---

[6] Cf. *Canton Plaza v. Regions Bank*, 325 Ga. App. 361, 363-364 (3) (749 SE2d 825) (2013) (remanding for an evidentiary hearing because there was no evidence from which the trial court could determine what portion fo the fees were attributable to defending against the plaintiffs' claims as opposed to pursuing the defendant's counterclaims).

[7] *Hillman v. Bord*, 347 Ga. App. 651, 655 (2) (820 SE2d 482) (2018) (physical precedent only) (punctuation and footnotes omitted).

policy limit. Moreover, the fact the plaintiffs made the offer to settle after Shaha underwent open-heart surgery is not sufficient to demonstrate that they lacked the intent to settle. Therefore, the trial court did not abuse its discretion in concluding Shaha failed to carry his burden to prove the plaintiffs' offer of settlement was not made in good faith.[8]

For the reasons stated above, we affirm the trial court's ruling.

*Judgment affirmed. Doyle, P. J., and Brown, J., concur*.

---

[8] See *Anglin*, 358 Ga. App. at 40-41; see also *Cohen v. The Alfred & Adele Davis Academy*, 310 Ga. App. 761, 762-763 (1) (714 SE2d 350) (2011).