[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10146

Non-Argument Calendar

_____

KSSR PROPERTIES, LLC,

Plaintiff-Appellant,

*versus*

CROWN CASTLE FIBER LLC., et al.,

Defendants,

BELLSOUTH TELECOMMUNICATIONS, LLC,

Defendant-Appellee.

———————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-02708-TCB

———————————————

Before WILSON, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

KSSR Properties sued BellSouth Telecommunications for breach of legal duty, trespass, and inverse condemnation. Pursuant to O.C.G.A. § 9-11-68, BellSouth made KSSR two offers to settle those claims. KSSR didn't respond to either offer, thereby rejecting them. Later, the district court granted BellSouth summary judgment, holding that KSSR's suit was barred by Georgia's four-year statute of limitations for damage to real property. BellSouth then moved to "recover reasonable attorney's fees and expenses of litigation . . . from the date of the rejection of the offer of settlement through the entry of judgment." O.C.G.A. § 9-11-68(b)(1). That statute applies where one party makes to the other "a written offer . . . to settle a tort claim." *Id.* § 9-11-68(a). The district court granted BellSouth its attorney's fees.

KSSR appeals, arguing that BellSouth isn't entitled to attorney's fees under O.C.G.A. § 9-11-68 because, it says, BellSouth's settlement offers requested the release of *both* KSSR's tort claims and KSSR's inverse-condemnation claim. KSSR contends that a

mixed tort/non-tort settlement offer[1] does not comply with O.C.G.A. § 9-11-68, which, again, applies only to an "offer . . . to settle *a tort claim*." *Id.* (emphasis added). Accordingly, we must determine whether BellSouth's mixed settlement offer counts as an offer to "settle a tort claim."

In deciding this case, we are required to follow Georgia Supreme Court precedent—whether or not we agree with it. *See Alliant Tax Credit 31, Inc. v. Murphy*, 924 F.3d 1134, 1149 (11th Cir. 2019); *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 881 F.3d 835, 848 (11th Cir. 2018). And in the absence of Georgia Supreme Court precedent, we're required to follow Georgia appellate-court precedent—again, agree or disagree—unless there is persuasive evidence that the Georgia Supreme Court would rule differently. *See Alliant Tax Credit*, 924 F.3d at 1149.

The Georgia Supreme Court hasn't definitively decided whether § 9-11-68(b)(1) applies to mixed settlement offers. But it seems to us that Georgia's appellate courts have. In *Canton Plaza, Inc. v. Regions Bank, Inc.*, which involved an offer of settlement under § 9-11-68, the Court of Appeals approved the defendant's attorney's fees after the defendant made a mixed tort/non-tort settlement offer. 749 S.E.2d 825, 827 (Ga. Ct. App. 2013). It held that the trial court wasn't required to segregate attorney's fees between tort and non-tort claims where the non-tort claim was "premised

---

[1] We assume for argument's sake that inverse condemnation is *not* a tort-claim.

entirely on the allegations" that underlay the tort claim. *Id.*; *accord Hillman v. Bord*, 820 S.E.2d 482, 486–87 (Ga. Ct. App. 2018) (approving O.C.G.A. § 9-11-68(b)(1) attorney's fees for "both tort and non-tort (equitable) claims" when a party's non-tort claim "was entirely premised on the allegations contained in their tort claims").

KSSR argues that the issue involved here—whether a mixed offer is valid under § 9-11-68—was "neither raised by the parties nor actually decided in" *Canton*, but we disagree. *Canton* necessarily decided that § 9-11-68 permits mixed settlement offers when it expressly approved attorney's fees based on a mixed offer and addressed the subsidiary fee-segregation issue. And here, KSSR's inverse condemnation claim is premised on the same allegations as its trespass claim. Thus, following Georgia appellate-court precedent, BellSouth can recover its attorney's fees under § 9-11-68(b)(1). And we see no "persuasive evidence that the [Georgia Supreme Court] would rule otherwise." *Bravo v. United States*, 577 F.3d 1324, 1325 (11th Cir. 2009) (per curiam) (quotation omitted).

Because Georgia's appellate courts have allowed mixed settlement offers under § 9-11-68, we hold that the mixed offer here complied with Georgia law.[2]

---

[2] Because we conclude that state appellate-court precedent addresses the mixed-offer issue, we find no basis for certifying the question to the Georgia Supreme Court. *See* Ga. Sup. Ct. R. 46 (permitting certification where "there

22-10146              Opinion of the Court                    5

AFFIRMED.

---

are no clear controlling precedents in the appellate court decisions of this State").