**SECOND DIVISION**
**MILLER, P. J.,**
**MARKLE and LAND, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**

**https://www.gaappeals.us/rules**

June 26, 2024

# In the Court of Appeals of Georgia

A24A0285. VOURVOULIAS et al. v. CASH.

MILLER, Presiding Judge.

The defendants in this property dispute appeal from the trial court's order denying their motion for attorney fees under the offer of settlement statute, OCGA § 9-11-68. Because the trial court properly concluded that OCGA § 9-11-68 does not apply where a party offers to settle a tort claim that only seeks equitable relief, we affirm.

The record shows that the VM Trust #1 was created in 1993 and designated George Victor Matthews as the trust beneficiary. In 2014, the trustee of the VM Trust #1 conveyed a principal asset of the trust, a parcel of land and the house thereon, to Matthews. A few weeks later, Matthews transferred the property to the GVM Trust,

another trust under which he was the beneficiary.

On October 19, 2017, the trustee of the VM Trust #1 filed a "Petition in Equity to Annul and Set Aside Deeds Procured by Fraud" against the trustee of the GVM Trust. The VM trustee alleged in the petition that the 2014 conveyances of the property were procured by fraud in that Matthews demanded that the trustee convey him the property while failing to disclose that he had previously renounced his interest in the VM Trust #1. The VM trustee sought to "[a]nnul, cancel or set aside" the conveyances under OCGA § 23-2-60, which provides that "[f]raud will authorize equity to annul conveyances, however solemnly executed."

The VM trustee noted in the petition that fraud has five elements and made allegations in support of each element. See *Napier v. Kearney*, 359 Ga. App. 196, 198 (2) (855 SE2d 78) (2021) ("The tort of fraud has five elements: (1) a false representation or omission of a material fact; (2) scienter; (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance; and (5) damages.") (citation omitted). Regarding the fifth element of damages, the VM trustee alleged that as a result of the fraud the trust "lost legal ownership to [the property] as well as the net income from the rental of the property." However, the VM trustee did not seek relief in the form of damages and only sought to annul the

conveyances and to recover attorney fees and litigation expenses under OCGA § 13-6-11.

On November 29, 2017, the GVM trustee sent the VM trustee an offer of settlement under OCGA § 9-11-68, offering to pay $1,500 to settle all of the VM trustee's claims. Because the VM trustee did not respond to the offer within 30 days, it was deemed rejected. See OCGA § 9-11-68 (c) (providing in pertinent part that "[a]n offer that is neither withdrawn nor accepted within 30 days shall be deemed rejected").

Matthews was eventually added to the case as a defendant alongside the GVM trustee, and the defendants asserted a counterclaim for breach of fiduciary duty. Following a bench trial, the trial court entered final judgment against the VM trustee on both her fraud claim and the defendants' counterclaim. The VM trustee appealed, and this Court affirmed the judgment in an unpublished opinion. See *Cash v. Matthews*, Case No. A22A0267 (July 1, 2022).

Following the final judgment, the defendants filed a motion for attorney fees and litigation expenses under OCGA § 9-11-68. The trial court denied the motion following a hearing, concluding that OCGA § 9-11-68 did not apply because the VM trustee's petition only sought equitable relief and did not seek damages. The

defendants filed an application for interlocutory review, which this Court granted. The defendants then filed this appeal.

On appeal, the defendants argue that the trial court erred in concluding that OCGA § 9-11-68 did not apply for two reasons. First, they argue that the VM trustee sought both equitable relief and damages based on the tort of fraud. Second, they argue that, even if the VM trustee only sought equitable relief, OCGA § 9-11-68 applies to cases in which a plaintiff asserts a tort claim and only seeks equitable relief. We disagree and conclude that OCGA § 9-11-68 does not apply where, as here, a party offers to settle a tort claim that only seeks equitable relief.

"At the outset, we note that the interpretation of a statute is a question of law, which is reviewed de novo on appeal." (Citation omitted.) *CaseMetrix, LLC v. Sherpa Web Studios, Inc.*, 353 Ga. App. 768 (839 SE2d 256) (2020).

> [W]hen interpreting any statute, we necessarily begin our analysis with familiar and binding canons of construction. In considering the meaning of a statute, our charge as an appellate court is to presume that the General Assembly meant what it said and said what it meant. Toward that end, we must afford the statutory text its plain and ordinary meaning, consider the text contextually, read the text in its most natural and reasonable way, as an ordinary speaker of the English language would, and seek to avoid a construction that makes some language mere surplusage. Further, when the language of a statute is plain and susceptible of only one natural and reasonable construction, courts must

construe the statute accordingly. Finally, because any statute that provides for the award of attorney fees is in derogation of common law, it must be strictly construed against the award of such damages.

(Citation omitted.) Id. at 770-771 (1); see also *Eichenblatt v. Piedmont/Maple, LLC*, 358 Ga. App. 234, 237 (1) (854 SE2d 572) (2021) ("OCGA § 9-11-68 is in derogation of common law and it must be strictly construed against the award of attorney fees and costs. OCGA § 9-11-68 therefore must be limited strictly to the meaning of the language employed, and not extended beyond the plain and explicit terms of the statute.") (citations and punctuation omitted). Applying these principles, a close reading of OCGA § 9-11-68 demonstrates that it does not apply to an offer to settle a tort claim that only seeks equitable relief.

OCGA § 9-11-68 (a) provides that at any time more than 30 days after the service of a summons and complaint on a party but not less than 30 days before trial (or 20 days before trial for a counteroffer), either party may serve upon the other party "a written offer, denominated as an offer under this Code section, to settle a tort claim for the money specified in the offer and to enter into an agreement dismissing the claim or to allow judgment to be entered accordingly."[1] If a defendant makes an offer

---

[1] OCGA § 51-1-1 provides that "[a] tort is the unlawful violation of a private legal right other than a mere breach of contract, express or implied. A tort may also be the violation of a public duty if, as a result of the violation, some special damage

5

that is rejected by the plaintiff, the defendant "shall be entitled" to recover reasonable attorney fees and litigation expenses incurred by the defendant or on the defendant's behalf from the date of the rejection through the entry of judgment "if the final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement." OCGA § 9-11-68 (b) (1). If a plaintiff makes an offer that is rejected by the defendant and the plaintiff "recovers a final judgment in an amount greater than 125 percent of such offer of settlement," the plaintiff "shall be entitled" to recover reasonable attorney fees and litigation expenses incurred by the plaintiff or on the plaintiff's behalf from the date of the rejection through the entry of judgment. OCGA § 9-11-68 (b) (2). OCGA § 9-11-68 (d) (1) provides that the trial court "shall order" the payment of attorney fees and litigation expenses "upon receipt of proof that the judgment is one to which the provisions of either paragraph (1) or paragraph (2) of subsection (b) of this Code section apply[.]"

While OCGA § 9-11-68 (a) generally refers to an offer "to settle a tort claim," OCGA § 9-11-68 (b) indicates that the claim must seek relief in the form of damages to authorize an award under the statute. Specifically, OCGA § 9-11-68 (b) (1) only applies if the final judgment "is one of no liability" or "is less than 75 percent of [the]

---

accrues to the individual." Fraud is considered a tort. *Napier*, supra, 359 Ga. App. at 200 (3).

offer of settlement," and OCGA § 9-11-68 (b) (2) only applies if the final judgment is "in an amount greater than 125 percent of [the] offer of settlement." Because these provisions are confined to final judgments that establish no liability or a certain amount of damages, it logically follows that the underlying offer of settlement must be an offer to settle a tort claim that seeks damages.

In a dissent in *Hillman v. Bord*, 347 Ga. App. 651, 659 (820 SE2d 482) (2018) (physical precedent only), Judge Barnes explained that the language and structure of OCGA § 9-11-68 reflect that the legislature contemplated that it would apply only to "offers to settle tort claims for damages." Judge Barnes reasoned that "[b]ecause the method of comparing the offer amount and the final judgment is monetary in nature, the triggering mechanism for fee-shifting under OCGA § 9-11-68 (b) is predicated on an offer to settle one or more tort claims for damages." Id. at 660. Judge Barnes emphasized that "there is no similar provision that addresses how to compare an offer of settlement to a judgment awarding non-monetary relief." Id. We find this analysis persuasive.[2]

_____

[2] In *Hillman*, supra, 347 Ga. App. at 652-655 (1), Judges Reese and McMillian concluded that OCGA § 9-11-68 applied to an offer to settle both tort claims seeking damages and a claim for injunctive relief, where the claim for injunctive relief was "entirely premised" on the allegations in the tort claims. Compare *Eichenblatt*, supra, 358 Ga. App. at 237-240 (1) (OCGA § 9-11-68 did not apply where the settlement offer could be read to apply to both a tort claim and a breach of contract claim and the

Our conclusion that an offer of settlement under OCGA § 9-11-68 must seek to settle a tort claim for damages is reinforced by how courts assess whether an offer under the statute is made in good faith. OCGA § 9-11-68 (d) (2) provides that a court may disallow an attorney fees award if the court determines that the offer "was not made in good faith." "Relevant evidence on the absence of good faith may include, inter alia, (1) whether the offer bore no reasonable relationship to the amount of damages, (2) an unrealistic assessment of liability, or (3) that the offeror lacked intent to settle the claim." (Citation omitted.) *Shaha v. Gentry*, 359 Ga. App. 613, 615 (2) (859 SE2d 567) (2021). Because the first two factors only make sense when applied to an offer to settle a claim for damages, it is apparent that this multi-factor test was designed to assess such offers.

The offer of settlement here only attempted to settle a fraud claim seeking the equitable remedy of annulling the conveyance of property. A close reading of the VM

contract claim was not entirely premised on the allegations in the tort claim), with *Canton Plaza, Inc. v. Regions Bank, Inc.*, 325 Ga. App. 361, 362 (1) (749 SE2d 825) (2013) (fee award was authorized under OCGA § 9-11-68, despite the fact that the defendant sought to settle both a tort claim and a breach of contract claim, because the breach of contract claim was premised entirely on the allegations underlying the tort claim). Judge Barnes disagreed and concluded that OCGA § 9-11-68 does not apply where a party conditions its offer of settlement on the dismissal of both tort claims for damages and claims for injunctive relief. Id. at 659-660. Because the offer of settlement in the instant case only attempted to settle a fraud claim seeking equitable relief, this case is distinguishable from *Hillman*.

trustee's petition shows that the only relief requested, apart from a request for attorney fees, was equitable relief pursuant to OCGA § 23-2-60. While the petition alleged that the trust had lost rental income as a result of the fraud, this allegation was merely made in the context of attempting to establish the fraud claim and to justify the request for equitable relief, and the petition did not request damages. The defendants' emphasis on the fact that the pre-trial order indicated that the VM trustee sought damages based on lost rental income is unavailing because the offer was made in direct response to the petition and well before the pre-trial order was entered. Because the offer of settlement only attempted to settle a claim seeking equitable relief, the trial court properly concluded that OCGA § 9-11-68 did not apply.

For the foregoing reasons, we affirm the trial court's order denying the defendants' motion for attorney fees.

*Judgment affirmed. Markle and Land, JJ., concur.*